Nash, J.
 

 The only question submitted in the bill of exceptions is, as to the correctness of the presiding Judge, in refusing to submit to the Jury the enquiry, as to the delivery of the deed from Robert L. Ósborn to Jane McDonald. To come to a satisfactory conclusion on the point, it is necessary to state the facts as they appear in the case.
 

 
 *48
 
 , In 1841, the legal title to the.premises in question was in Osborn. Judgments were obtained against him, and were levied on the land by a constable, on the 10th of July, 1847, and at the sale by the sheriff at November Term, LS47, of the County Court, the plaintiff purchased. Osborn had purchased the land tor Jane McDonald, and paid fot it with her money, but took the deed in his own name. Upon discovering such to be the fact, Jane McDonald insisted he should convey the land to her, and on the 16th day of June, 1844, he did execute a deed of conveyance to her. To this deed one Mois and another person were attesting witnesses, and it was admitted to probate, and registered at the same Term of the County Court, that the land was sold. Móis proved, that, in 1844, Osborn came to his shop, in Lealts-ville, with this deed in his hand, and asked him to witness it, which he did, when Osborn observed, hd believed he would go and deliver it to Jane McDonald, and that he started in the direction of her house, taking the deed with him. It was further proved, that Jane McDonald, from the year 1S41, down to the trial of the case, exercised acts of ownership over the land, renting it out, cutting fire-wood, cultivating portions of it; and that in 1844, she had caused a part of it to be surveyed, preparatory to a sale. Upon these facts, the defendant’s counsel asked the Court to instruct the jury, that they were at liberty to infer a delivery of the deed to Jane McDonald, prior to the levy made by the constable in 1847. This was refused, and the jury were instructed, that there was
 
 no evidence
 
 of a delivery before November Court, 1847. In this position, the Courtis of opinion there was error. The delivery of a deed is a question of fact. The law has prescribed no particular form, in which it shall be made. When the question rests upon the - attendant circumstances and the intention of the parties, the-facts of their existence and their effect are peculiarly within the province of the.jury. It is error, then, for a judge to'• tell the jury there is no evidence pf a delivery, when any-
 
 *49
 
 circumstances are proved, from which it may be inferred, no matter how slight or inconclusive they may be. The party relying upon them has a right to have them submitted to the jury for their consideration. Where, in the opinion oí the Court, undue weight is given to-such circumstances, the correction is in the hands of the Judge. We think there was evidence to go to the jury, upon the question of delivery.
 

 Per Curiam. Judgment reversed, and
 
 venire de novo
 
 awarded.