The killing of the animal was admitted, and there was evidence as to its value. There was also evidence on behalf of the defendant company, tending to show that there was due diligence and no negligence.
The evidence of the engineer, which, if accepted by the jury as true, would make a competent defense to the charge of negligent (280) killing, is set out in full in the case on appeal, but "error cannot be assigned and become the subject of review in an omission or neglect to give a specific instruction, even when proper in itself, unless asked, and thus called to the attention of the judge in order that he may rule thereon." S. v. Bailey, 100 N.C. 528, and cases cited. We need not, therefore, advert to the testimony or reproduce it here.
The only exceptions presented for our consideration are to the refusal of his Honor to instruct the jury as requested, and to the charge as given.
The defendant asked the court to charge the jury as follows:
1. That if the defendant's engine and cars were furnished with all the modern appliances for stopping the cars in emergencies of this kind, and the usual headlight, and the defendant's engine and cars were in charge of a prudent and skillful engineer, who was running his train within the prescribed limit, was at his post, looking forward on the track, and, soon as he discovered the steer on the track by means of his headlight, reversed his engine, blew on brakes, sounded the cattle alarm, and otherwise did all in his power to stop the engine, then the defendant was not guilty of negligence. *Page 234 
2. That if the plaintiff permitted his steer to leave home and stray upon the track of the defendant's road, the plaintiff was guilty of contributory negligence.
The court declined to give the instructions as requested, but instructed the jury as follows, to wit:
"In cases of this character, where an action was brought within six months, the law presumes negligence; that, notwithstanding this presumption, if the facts showed that there was, in truth, no (281) negligence, the defendant would be entitled to a verdict. The court further stated to the jury that, if the defendant had on the train a competent engineer, and that they had all the appliances necessary to control the train and manage the same, and that the engineer kept a good lookout, and, as soon as he discovered the object before him, he used all the means in his power to stop the train, and could not possibly do so, the defendant would be entitled to a verdict."
To the refusal of the judge to give the instructions requested, and to the charge as given, the defendant excepted.
There was verdict and judgment for the plaintiff, and the defendant appealed.
1. The court did not give the instructions asked in the very language of the request, but they were substantially given, though in different language. The court is not bound to give instructions in the words of the prayer, but it is sufficient if they be given in substance. This is too well settled to need citation of authority. Upon the question of negligence on the part of the defendant, we can see no substantial difference between the instructions asked and those given.
2. The instruction asked in regard to contributory negligence was properly refused. There was certainly no such proximate or concurrent negligence on the part of the plaintiff as to bar his right to recover damages. Proctor v. R. R., 72 N.C. 579; Horner v. Williams, 100 N.C. 230.
There is no error. Affirmed.
Cited: Merrell v. Whitmire, 110 N.C. 370; S. v. Mills, 116 N.C. 997;Patterson v. Mills, 121 N.C. 269; Malloy v. Fayetteville, 122 N.C. 484;Ferrell v. R. R., 190 N.C. 127. *Page 235 
(282)