STATE v. GEORGE MILLS.

*Indictment for Murder—Instructions to Jury—Exceptions to Charge of Judge.*

Where the instructions asked for are given in substance and effect, no exception will lie because they are not given in the language of the request.

INDICTMENT for murder, tried before *Bynum, J.,* and a jury, at September Term, 1894, of WAKE Superior Court. The defendant was indicted for the murder of Iana Wimberly and pleaded not guilty.  On the trial the defendant introduced no evidence and asked in writing that the following instructions be given.

1. Even if the jury shall find as a fact that George Mills inflicted the wounds of which Iana Wimberley died, and they shall find that she died of those wounds, yet they cannot find him guilty of murder in the first degree unless you shall also find that the act was the result of deliberation, premeditation and a design formed beforehand.

2. The jury have a right to inspect the prisoner, whom and whose case they have in charge, and if they shall believe from his appearance and all the evidence that he is incapable of meditating, premeditating, or pre-forming

STATE *v.* MILLS.

intelligently, a design, they cannot find him guilty of murder in the first degree, though they should further find that he inflicted the wounds and that she died of them.

3. Though the jury should find that the defendant inflicted the wounds upon the deceased and that she died of those wounds, yet they cannot find him guilty of murder in the first degree unless they shall also find that there was deliberation, premeditation, a pre-formed, deliberate design in his own mind to do 'the act.

The Court refused the instructions asked in so far as they are not embraced in the charge as given, which was in writing and as follows:

1. Murder is when a person of sound mind and discretion unlawfully killeth any reasonable creature or being and under the peace of the State with malice, aforethought, entire, express or implied.

2. By sound mind and discretion is meant that the one doing the killing has a will or legal discretion.

3. Malice is a wicked intention to do the injury and is of two kinds, express malice and implied malice. Express malice is when a party evidences an intention to commit the crime; implied malice is when a person commits an act unaccompanied by any circumstances justifying its comission, the law presumes he has acted advisedly and intended the consequences produced by his act.

4. Every one over the age of 14 years is presumed by law to be of sound mind and discretion until the contrary is proven and the burden is on the defendant in this case to satisfy you, but not beyond a reasonable doubt, that he is of sound mind and discretion.

5. By the law of North Carolina murder is divided into murder in the first degree and murder in the second degree, the punishment of murder in the first degree, being capital; and in the second, imprisonment in the penitentiary

116—63

for a term of years.    (Ch. 85, Laws 1893, the Act dividing murder into two degrees was here read to the jury.)

7. Your inquiry in this case is : 1st. Is Iana or Iana Elizabeth Wimberly dead?    2nd. If yes, did the defendant kill her?    3d. If he did kill her what were the circumstances under which he did the act which produced her death? And before the defendant can be convicted of murder the burden is on the State to satisfy you beyond a reasonable doubt of the truth of the first two propositions, and that the killing was one under such circumstances as to make it murder in the first or second degree, under what I shall tell you will be murder in the first and murder in the second degree.

8. Every presumption is in favor of the innocence of the defendant; the only presumption against him being that he is of sound mind and discretion and hence responsible for his acts.

9. The State relies upon circumstantial evidence to convict the defendant of murder.    Circumstantial evidence is not inherently as strong or satisfactory as direct and positive evidence, still if it convinces a jury beyond a reasonable doubt it would be their duty to rely upon it and to render a verdict of guilty, but if after weighing all the circumstances relied on and which are proven to the satisfaction of the jury there is any reasonable way by which they can account for the death of Iana Wimberly without saying that the defendant killed her it would be their duty to acquit him.

10. The law implies malice in every wilful and deliberate and premeditated killing, so that if you find that the defendant and Iana Wimberly started to Jenks for a leopard plant and they passed by the Vaughan house and the defendant, with the gun rack or a like heavy instrument in pursuance of a design previously formed, inflicted upon

the head and face of Iana Wimberly 5 or 6 blows, fract-uring her skull and otherwise injuring her, from which injuries she died, the law presumes the malice and it will be murder in the first degree. But malice is not implied from the mere killing with the gun rack or other like deadly weapon—the killing must have been done wilfully and deliberately and with a pre-conceived intention.

11. Where two persons agree to commit a felony each is responsible for the act of the other, provided it be done in pursuance of the original understanding or in further-ance of the common purpose. Hence,

12. If you find that the defendant agreed together with A. J. Wimberly and Julia Atwater and others to take Iana Wimberly to the Vaughan house for Julia Atwater to pro-duce an abortion on her, producing an abortion being a felony, and an abortion being as follows: " Every person who shall wilfully administer to any woman either preg-nant or quick with child or prescribe for any such woman, or advise or procure any such woman to take any medicine, drug or substance whatever, or shall use or employ any instrument or other means with intent thereby to destroy said child, unless the same shall have been necessary to pre-serve the life of such mother ; and every person who shall administer to any pregnant woman or prescribe for any such woman, or advise and procure such woman to take any medicine, drug or anything whatsoever with intent thereby to procure the miscarriage of any such woman or to injure or destroy such woman, or shall use any instrument or application for any of the above purposes," and the defend-ant in pursuance of that agreement carried her to the Vaughan house to effect that purpose and Julia Atwater killed her in the attempt to produce the abortion, the defendant being present aiding and abetting, it would be

murder in the first degree, if he knew the nature of the act he was doing and that the act was wrong.

13. If you find that the defendant agreed together with A. J. Wimberly and Julia Atwater and others to take Iana Wimberly to the Vaughan house for Julia Atwater to produce an abortion, and I have just explained to you what is an abortion, and the defendant in pursuance of that agreement carried her to the Vaughan house to effect that purpose and Julia Atwater was not at the house, and the defendant killed her because of a preconceived, wilful and deliberate purpose to kill her unless the abortion was produced, it would be murder in the first degree, or if he attempted to produce an abortion and killed her in the attempt, it is murder in the first degree, or if he attempted to kill her with laudanum procured previously for that purpose and failing in that and in pursuance of a plan previously conceived, wilfully and deliberately killed her with the gun rack or a like deadly weapon, it is murder in the first degree.

14. If you find as a fact that defendant inflicted the wound upon Iana Wimberly from which she died, but he did not do it deliberately, wilfully and with premeditation, it is murder in the second degree.

15. If you find that he inflicted the fatal wounds the jury have a right to look at the defendant and to consider his appearance, together with the evidence which has been introduced, and if his appearance, with such of the evidence as the jury believe satisfy you that he did not know the nature of the act he was doing or that it was wrong to do it, he would not be guilty. If his appearance and the evidence which you believe satisfy you he knew the act he was doing was wrong, but he was not of sufficient mind to be capable of deliberate premeditation, he would be guilty of murder in the first degree.

16. If you find the defendant and Iana Wimberly went to the Vaughan house and some one else struck the fatal blows, and this defendant had nothing to do with it, as told by him to A. J. Wimberly, if you believe Wimberly, he is not guilty of anything.

17. The Court then summed up the evidence pointing out to the jury the bearing it had on the commission of the deed; the contention of the State, the contention of the defendant, the absence of motive, the fact that the defend‑ ant had a right to rely upon the evidence of the State for his defense as much as though he had introduced evidence himself.

There were no exceptions to the charge further than to a failure to give the instructions asked by the defendant. There was a verdict of guilty of murder in the first degree and judgment of death pronounced after overruling motion in arrest of judgment and motion for a new trial. Defend‑ ant appealed.

*The Attorney General,* for the State.
*Mr. T. M. Argo,* for the prisoner (appellant).

FURCHES, J. (after stating the facts): It is not con‑ tended by the State that the Court below gave the instruc‑ tions in the language in which they were asked. But it is contended they were given in substance and effect, and that is all the law required to be done. *Bethea* v. *Railroad,* 106 N. C., 279, and many other cases; and upon a careful examination of His Honor's charge, it seems to us that this is true; that, in substance and effect, the Court did give defendant's instructions.

The three instructions asked by defendant are very nearly the same, except that the second instruction asked His Honor to charge the jury that they had the right " to inspect the prisoner," which was given.

In our opinion, the 10th, 14th and 15th paragraphs of His Honor's charge, did give, in substance and effect, the prayers of defendant. And if they did, there being no other exception and no error appearing in the record we must affirm the judgment of the Court below.

But we have carefully examined the whole charge of the Court, and are of the opinion that it is full and fair to the defendant, and that, if it does not give in substance and effect the prayers asked by the defendant ( as we think it does) it is a correct exposition of the law of this State as it now exists, under the statute of 1893, dividing murder into two degrees. *State* v. *Fuller*, 114 N. C., 885, where this act was fully and ably discussed in the opinion of the Court by Justice AVERY and in the dissenting opinion of Justice CLARK.

There is no error. Let this opinion be certified to the end that the sentence of the Court may be executed.

No Error.