HART v. CANNON.

(Filed September 22, 1903.)

1. DEEDS—*Fraud—Presumptions—Cancellation of Instruments.*

   The bare fact that the grantee in a deed holds a mortgage executed by the grantor on other property does not raise a presumption of fraud in the deed.

2. DEEDS—*Guardian and Ward—Undue Influence—Fraud.*

   It is sufficient to charge, as to undue influence or fraud, that the law scrutinizes transactions between guardian and ward, and that the burden is on the guardian to show that all his transactions with his ward are fair.

3. EXCEPTIONS AND OBJECTIONS—*Instructions—Appeal—Case on Appeal.*

   Where there are exceptions to a charge of the trial judge, the case on appeal must state that the instructions excepted to were given.

4. EXCEPTIONS AND OBJECTIONS—*Appeal—Evidence.*

   The exception that there is no evidence on an issue must be taken before verdict.

ACTION by L. C. Hart against T. C. Cannon and W. H. White, heard by Judge *G. S. Ferguson* and a jury, at May (special) Term, 1903, of the Superior Court of PITT County. From a judgment for the defendants the plaintiff appealed.

No counsel for the plaintiff.

*Skinner & Whedbee* and *Flemming & Moore,* for the defendants.

CLARK, C. J. This is an action by a married woman, who sues alone (as the action concerned her separate property, The Code, sec. 178), to recover two town lots in Greenville,

against T. C. Cannon and W. H. White. It was in evidence that Cannon had been guardian of the plaintiff, but that some time prior to 26th January, 1892, she and her husband, both representing that she was twenty-one years of age, went before the Clerk of the Court with Cannon for the purpose of procuring his discharge as guardian, but, it appearing that he had received no money, the Clerk instructed them that no formal discharge was necessary, and that it was sufficient that he should turn over the realty, which he did. There was conflicting evidence on this point.

Subsequently, on 26th January, 1892, the two lots in question were conveyed to Cannon by the plaintiff and husband with her privy examination, and there was evidence that it was for full value and that the deed was delivered to Cannon by the plaintiff's husband. There was further evidence that the plaintiff and her husband had previously, 27th June, 1891, executed a mortgage on other property, which mortgage was later purchased by Cannon. Thereafter, on 8th August, 1893, Cannon conveyed said lots to his co-defendant White, who took for full value and without notice of any claim that the plaintiff was under age, 26th January, 1892. White proceeded to erect a valuable residence thereon.

On 28th November, 1893, the plaintiff and her husband (she being then of full age) executed another deed to Cannon for said lots, her privy examination being taken, but no further consideration being paid.

The plaintiff seeks in this action to recover said two lots, alleging that she was not of age 26th January, 1892, and hence that her deed of that date is void, and "that the execution of the deed, 28th November, 1893, was without consideration and was not signed freely and voluntarily on the part of said plaintiff, but the execution of the same was secured by said defendant Cannon by fraud, threats, intimidation and duress."

There was evidence offered to show that the deed of 28th November, 1893, was executed under duress in that Cannon threatened to prosecute the plaintiff and her husband for falsely representing that she was twenty-one years of age at the time she executed the mortgage to Latham & Skinner, which was executed 27th June, 1891, before the first deed to Cannon, and to give them trouble. There was evidence contradicting this.

Upon issues duly submitted the jury found: That the deed of 28th November, 1893, was not procured by fraud, duress or undue influence by Cannon; that the plaintiff was not of full age at the execution of the deed of 26th January, 1892; that Cannon gave for said property a fair and reasonable value; that the plaintiff by her act and deed ratified and confirmed her deed of 26th January, 1892, after she became twenty-one years of age, and that White was an innocent purchaser without notice of the minority of the plaintiff at the date of her first deed, 26th January, 1892.

There was no exception to the evidence. The plaintiff excepted because the Court refused to give the jury the following instructions prayed for:

(1). "If the jury shall find from the evidence that at the time of the execution of the deed, 28th November, 1893, by plaintiff and her husband to the defendant Cannon, the latter was owner of the note and mortgage executed by the plaintiff and her husband to Latham & Skinner on 27th June, 1891, then there is a presumption of law that the deed from the plaintiff and her husband, 28th November, 1893, is fraudulent, and the burden is on the defendants to satisfy the jury that the plaintiff received full value for her said land, and that no fraud or undue influence was used in securing the execution of said deed."

This was properly refused. The bare fact that the grantee in a deed holds a mortgage executed by the grantor on other property does not raise a presumption of fraud in the deed.

(2). "If the jury shall find from the evidence that the defendant Cannon was the guardian of the plaintiff, and at the time of the deed of 28th November, 1893, to said Cannon by the plaintiff and her husband, the defendant Cannon had failed and neglected to file a final account and have a settlement with his said ward, then on account of the relation between the parties the law presumed fraud in the execution of said deed and the law imposes the burden on the defendant to rebut the legal presumption of fraud." Instead of said prayer the Court charged the jury: "The law scrutinizes transactions between guardian and ward, and between one who has recently been guardian and his recent ward, and the burden is on defendants to show that all transactions both between the plaintiff and the defendants as mortgagor and mortgagee and guardian and ward were fair, and further, that the facts that Cannon held a mortgage on other lands of the plaintiff and had recently been her guardian were circumstances which they should consider and from which, in connection with the alleged threat to prosecute the plaintiff and her husband, the jury might find fraud and undue influence in answer to that issue." The plaintiff has no cause to complain.

After judgment the plaintiff filed exceptions to the charge reciting certain alleged paragraphs therein, but the "case settled" does not state that the judge charged as recited in the exceptions. The plaintiff had a right within ten days to file exceptions to the charge, "but this Court will not assume that the facts stated in an assignment of error are true when the case on appeal, settled by the trial Judge, contains no statement of such fact." *Merrill v. Whitmire,* 110 N. C., 367; *Luttrell v. Martin,* 112 N. C., 594; *State v. Hart,* 116 N. C.,

976; *Paper Co. v. Chronicle,* 115 N. C., 147; *Patterson v. Mills,* 121 N. C., 259. As the appellant makes out the case on appeal, he should state that the Judge so charged, and if true, the Judge will not strike it out. As the case settled does not state that the Judge charged as recited in these exceptions, the matter is not before us, but we may say, however, we find no error in the paragraphs recited, if the Judge so charged.

The exception that there was no evidence on the third issue ("Was the amount paid by Cannon fair and reasonable?") is one that can only be taken before verdict. *State v. Hart, supra; State v. Kiger,* 115 N. C., 746, and numerous other cases cited in Clark's Code (3d Ed.), p. 773; *State v. Harris,* 120 N. C., 577, and cases there cited. Besides, "an exception for refusal of a prayer to instruct the jury that there is no evidence on an issue will not be considered on appeal, where the case on appeal does not set out the evidence itself or contain a statement that there was no evidence, the presumption being that the trial Judge charged the jury correctly upon the evidence adduced on the trial." *James v. Railroad,* 121 N. C., 530; 46 L. R. A., 306. Even had the objection that there was no evidence been taken before verdict, it does not appear from the record that in fact there was no evidence. We cannot assume that the trial Court erred. The presumption is the other way, and the burden is on the appellant to assign and show error. Besides, the case on appeal sets out affirmative evidence on that issue: that of Cannon, who testified that "he thought it a fair value and that he thought he was given more than the land was worth."

No error.