GILLIKIN & GASKELL v. THE LAKE DRUMMOND CANAL COMPANY.

(Filed 4 March, 1908).

**1. Negligence—Mooring Barge in Canal.**
It is actionable negligence on the part of the defendant to improperly moor a barge in its canal, so as to cause injury to plaintiffs' vessel while it was being towed by defendant through its said canal.

**2. Negligence—"Obstruction."**
A large barge, negligently moored to the bank of a canal, so that thereby it is drawn or floats out into the canal, causing injury to plaintiffs' vessel, inflicting serious damage, is within the meaning of the term "obstruction."

**3. Pleadings—Allegations Sufficient.**
A cause of action is sufficiently set out in the complaint when the facts alleged apprise the defendant fully of the grievance asserted against him and the injury for which redress is demanded.

**4. Same—Allegations Specific—Motion.**
When the facts alleged in the complaint sufficiently state a cause of action, the defendant should move to have them set out more specifically, should he so desire.

CIVIL ACTION to recover for injury to vessel of plaintiffs, caused by alleged negligence on the part of defendant, tried before *Lyon, J.,* and a jury, at Fall Term, 1907, of the Superior Court of CARTERET County.

Verdict and judgment for plaintiffs, and defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court.

*Abernethy & Davis* for plaintiffs.
*Moore & Dunn* for defendant.

HOKE, J.   We find no error in the record which entitles defendant to a new trial.   There was ample evidence of negligence on the part of the defendant company.

The testimony tended to show that, in June, 1904, the defendant undertook, for hire, to tow the plaintiffs' vessel through their canal, and was engaged in this undertaking when they passed a large barge of the defendant company moored to the bank of the canal; that the suction of the tug drew the barge away from the bank into the course of the plaintiffs' vessel, causing a collision and the damages complained of; that the barge, which was the property and under control of the company at that time, was improperly and negligently moored, and that the plaintiffs were free from fault.

The objection chiefly urged for error was that the complaint did not charge or allege negligence in mooring the barge as the basis of plaintiffs' demand, but the objection is without merit.   The complaint, after stating the contract, and that defendant was engaged in the undertaking at the time of the occurrence, and was the owner and in control of the tug and the barge, continues as follows:

"Sec. 5.   That defendant, at or near West Creek, about two-thirds of the distance from Wallacetown to Lynch's Wharf, in the said canal, negligently and wrongfully and carelessly obstructed its said canal by a large barge, and negligently and wrongfully and carelessly caused plaintiff's schooner, the *Ike G. Faren,* to be towed by said tug down and upon the said barge with great force, and caused said schooner to run foul of and strike against said barge.

"Sec. 6. That, by reason of the obstruction of the canal, and also by reason of said defendant's towing said schooner down and upon said barge, causing her to run foul of and strike same, said schooner was greatly damaged," etc.

A large barge, negligently moored to the bank of a canal, which, by reason of said negligence, is drawn or floats out into the channel of the canal, causing a collision with a passing vessel and inflicting serious damage, comes clearly within the meaning of the term "obstruction," defined by the books to be "An impediment, a hindrance, that which impedes progress." *Hart v. Albany,* 3 Paige, 213. The complaint, we think, contains a sufficient statement of facts to make out plaintiffs' cause of action and to apprise the defendant fully of the grievance asserted against him, and the injury for which redress is demanded. Assuredly, on the facts presented, if defendant desired that the complaint be made more specific, it should have made a motion to that effect. *Allen v. Railway,* 120 N. C., 548.

There is no error, and the judgment for plaintiffs is affirmed.

No Error.