MARY L. DOCKERY, ADMINISTRATRIX, v. TOWN OF HAMLET.

(Filed 30 April, 1913.)

1. **Cities and Towns — Presenting Claims — Period Allowed—Complaint—Demurrer—Interpretation of Statutes.**

   Where upon the face of a complaint, in an action against a town, etc., to recover for services rendered, it does not appear that claim was made upon its officers as the statute (Revisal, sec. 396) provides, within two years after its maturity, the claim is barred by the express provision of the statute, and demurrer, that it states no cause of action, should be sustained.

2. **Cities and Towns—Presenting Claims—Period Allowed—Condition Precedent—Interpretation of Statutes.**

   Revisal, sec. 396, requiring a claim against a city to be presented, etc., within two years after its maturity, is not strictly a statute of limitation, for it imposes this as a duty on the claimant as a condition upon which he may successfully maintain his action.

3. **Same—Maturity—Evidence.**

   Where a claim has been made on the city for services rendered, and it nowhere therein appears when the services were rendered, in an action to recover therefor the plaintiff must not only show that the claim had been presented in the statutory period, but that the amount claimed had matured within that time; and when he has failed to make this necessary allegation in his complaint, a demurrer thereto should be sustained.

4. **Cities and Towns—Presenting Claim—Period Allowed—Demurrer—Defective Statement—Repleading.**

   The complaint in this action on a claim against a town, etc., for services rendered, not stating a cause of action under the requirements of Revisal, sec. 396, is demurrable; but as the complaint is a defective statement of a cause of action, and not necessarily a statement of a defective cause of action, it was error to dismiss the action, and the plaintiff may amend by setting out the matters required by the statute.

5. **Pleadings—Defective Cause—Demurrer—Practice.**

   Objection to a statement of a defective cause of action must be taken advantage of by demurrer, or it will be deemed waived.

WALKER, J., did not sit on the hearing of this case.

APPEAL by plaintiff from *Peebles, J.,* at December Term, 1912, from RICHMOND.

*Morrison & McLain for plaintiffs.*
*M. W. Nash for defendant.*

CLARK, C. J.  The plaintiff, administratrix of her husband, instituted this action 12 December, 1912, against the town of Hamlet for the "statement of an account" for the services of her husband as an attorney.  The complaint, paragraph 7, alleges, "that plaintiff's intestate, previous to his death, rendered various services as an attorney at law to the defendant, the exact character of which she is not informed, of, and the exact amounts which should be paid her for said services are unknown to her; that she is prepared to prove (as she is informed and believes) service in various matters, but the exact amount which she should receive is uncertain unless defendant is to be bound by the bill presented by intestate on or about 10 May, 1910, a copy of which is hereto attached."  The bill attached reads as follows:

EXHIBIT A.

TOWN OF HAMLET TO A. S. DOCKERY, Attorney.

Services in Steve Propst, Harrington, Dobbin, Griffin, Henderson, Charles Hall, Nowell, Napier, Kendall, Hubbard, Cooper, Harrington, Bennett, Brown, Gordon, Suttle, Carter, Adams, Parham, and other cases before the mayor, including retainer for two years, drafting ordinances, etc., attending several meetings of the board of commissioners, including retainer for two civil suits, McLean and Napier v. Town, including services and advice in Griffith case, together with prosecution of application for pardon before Governor, together with costs aggregating $40; statements for all of which were regularly presented to the board, less $100 paid, $750.

The defendant town demurred:

(1) In that the complaint does not state a cause of action against the defendant.

(2) That the complaint does not show that an itemized verified account was presented to the defendant to be audited and

allowed; therefore no itemized account was ever presented as required by sections 1385 of the Revisal of 1905.

(3) That the complaint does not show that any claim was presented to the chief officers of the town within two years after the maturity of said claim.

Taking the last paragraph of the demurrer first, it appears from the complaint that even if the bill set out in "Exhibit A" was sufficient in law, the demand is barred, and the demurrer should have been sustained.

Revisal, 396, provides:

"1. All claims against the several counties, cities, and towns in this State, whether by bond or otherwise, shall be presented to the chairman of the board of county commissioners, or to the chief officers of said cities and towns, as the case may be, within two years after the maturity of said claims, or the holders of such claims shall be forever barred from recovery thereof."

In *Wharton v. Commissioners,* 82 N. C., 14, where this section first came up for review, the Court said: "The statute relied on is not in strict terms an act limiting the time in which the action may be prosecuted, but it imposes upon the creditor the duty of presenting his claim within a defined period of time, and upon his failure to do so forbids a recovery in any suit thereafter brought. If the claim is presented and the commands of the statute complied with, no bar or obstruction is interposed in the way of its successful prosecution." Further on it is said that the act is "a restricted and conditional limitation upon the right to sue."

The statute is in effect the same as Revisal, 59, as to an action for "wrongful death," which has also been held to be not strictly a statute of limitations, but an action prescribing the time within which action can be brought (*Best v. Kinston,* 106 N. C., 205), and in which a demurrer lies, unless it appears on the face of the complaint that the action was brought in the time limited.

The language above cited is quoted and approved in *Royster v. Commissioners,* 98 N. C., 151. In *Board of Education v. Greenville,* 132 N. C., 4, the above rulings are affirmed, *Walker,*

*J.,* saying: "We think it unnecessary to inquire, or to decide, whether the statute is strictly one of limitation or whether it merely imposes the duty upon the holder of a claim against a municipal corporation the performance of which is a condition precedent to his right of recovery. In either view of the nature of the statute, the claimant by its very words is 'barred from a recovery' of any part of the claim that did not mature within two years immediately preceding the date of his demand, and this conclusion as to the effect of the statute is all-sufficient for the disposition of this appeal."

It appears upon the face of the complaint, therefore, that this claim was presented more than two years prior to the beginning of this action, to wit, on 10 May, 1910. As the claim must have been mature then, if valid, it appears upon the face of the complaint that this action, which was not begun till 12 December, 1912, was not within two years, and therefore no cause of action is stated. The plaintiff does not aver that she has made any demand, but, on the contrary, says in the complaint as above set out that she "is not informed as to the character of the services or the amount that ought to be paid," and that she has "asked a settlement."

But even if there has been a demand alleged of so uncertain and insufficient a claim, it is not alleged to have been made within two years after 10 June, 1910. Nor even as to the claim filed on 10 June, 1910, does it appear therein that the services were rendered in two years prior thereto, and hence it was invalid when filed, and could be no basis for a subsequent demand, if it had been made. Therefore, upon the face of the complaint, the first and third grounds of the demurrer were properly sustained by the judge for "no cause of action stated." *Wharton v. Commissioners,* 82 N. C., 14; *Kinston v. Best,* 106 N. C., 205. It is therefore unnecessary to discuss the second ground of demurrer.

The demurrer was properly sustained. But as the complaint is a defective statement of a cause of action, and not necessarily a statement of a defective cause of action, it was error to dismiss the action, and the plaintiff should be allowed to amend by setting out the matters required by the statute. *Bowling v.*

*Burton,* 101 N. C., 176; *Mizzell v. Ruffin,* 118 N. C., 69.   Objection to a statement of a defective cause of action must be taken advantage of by a demurrer or will be deemed waived. *Knowles v. R. R.,* 102 N. C., 59; *Ladd v. Ladd,* 121 N. C., 118. The judgment dismissing the action is reversed, but the action of the court in sustaining the demurrer is

Affirmed.

WALKER, J., did not sit on the hearing of this case.