W. J. FOY AND C. E. IPOCK v. A. H. STEPHENS ET ALS.

(Filed 24 March, 1915.)

**1. Pleadings—Demurrer.**

Upon demurrer to a complaint every reasonable intendment and presumption must be taken in favor of the pleader; and however inartificially the complaint may be drawn, the demurrer should not be sustained if by a reasonable interpretation of the pleading a good cause of action is alleged.

**2. Same—Defective Statement.**

An amendment should be allowed to a complaint which defectively states a good cause of action, rather than dismiss the action upon demurrer.

**3. Pleadings—Demurrer—Deeds and Conveyances—Collateral Agreements—Cancellation—Conditions—Bills and Notes.**

In an action to invalidate a transaction in the sale of land the complaint alleged that the defendant represented the entire tract to contain 5,000 acres, showing a plat thereto, and the deed was delivered and certain cash payments made to a third party and notes given in payment of the purchase price, to be held by him upon condition that the land should be found to contain the acreage represented and that the title should be found to be an indefeasible fee simple by investigation and certificate of a certain named attorney; that the tract was found to contain 3,315 acres, of which 2,109 acres were held and claimed by superior titles, and that the attorney reported the title to the whole tract defective. The plaintiffs offered to execute a reconveyance of the land and prayed an injunction against the negotiation and transfer of the note, alleging irreparable injury otherwise; that the money be repaid to them, and that the note be delivered for cancellation. *Held,* the complaint alleged a good cause of action, and a demurrer thereto was bad.

**4. Bills and Notes—Mortgages—Registration—Void Notes.**

> Where a note is delivered upon conditions which are not fulfilled, and the note is consequently void, a mortgage given upon lands securing the note is also void as between the original parties, and the fact that the mortgage was recorded cannot avail anything.

**5. Bills and Notes—Delivery—Intent—Trials—Evidence—Questions for Jury.**

> In order to make a valid delivery of a note, the act of delivery and the intent must concur, and where there are no intervening rights, the question of intent is ordinarily one for the jury.

**6. Deeds and Conveyances—Fraud—Intent—Pleadings—Amendments.**

> In order to set aside a conveyance of land for fraud, the representations must not only have been false, and knowingly so, by the party making them, but with the intent to deceive, and positively alleged in the complaint, and not by implication; but under the circumstances of this case it is held that the plaintiff intended to charge a fraudulent intent, and an amendment should be allowed if this defense is relied on by him.

APPEAL by plaintiff from *Peebles, J.,* at November Term, 1914, of CRAVEN.

Civil action. The complaint and the answer were read and then the defendants demurred *ore tenus* upon the ground that the complaint failed to state a cause of action. His Honor sustained the motion and dismissed the action. The plaintiffs appealed.

*Guion & Guion for plaintiffs.*
*D. L. Ward, Robert Ruark for defendants.*

BROWN, J. The only question presented relates to the sufficiency of the complaint to make out a cause of action. We have held that a demurrer will not be sustained to the extent of dismissing the action, unless it entirely fails to state a cause of action.

If in any portion of it it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common-law rule, a very reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient. *Brewer v. Wynne,* 154 N. C., 472. This case is affirmed and cited with approval in the recent case of *Hoke v. Glenn,* 167 N. C., 594.

Where it is manifest that the complaint defectively states a good cause of action, and the defect can be cured by amendment, the courts will allow the amendment rather than dismiss the action. This is in the interest of justice and the speedy trial of actions.

The complaint states substantially these facts: That the defendant Stephens contracted to sell certain tracts of land to the plaintiff for

$24,000, at the same time representing to the plaintiff that the said lands had been fully surveyed and platted, and exhibited to plaintiffs a blue-print thereof, which survey purported to cover one entire tract or body of land containing 5,000 acres.

The defendant further represented that he had a good and indefeasible title to the land.

The plaintiffs further allege that they had no knowledge or information whatever concerning the acreage, boundaries, or title to the land other than that imparted by the defendant; that they agreed to purchase said land at the price named upon condition that the tract contained the acreage as represented, and that the title was good and indefeasible.

It was agreed between the plaintiffs and the defendant that the plaintiffs should proceed to survey and plat the land and employ a lawyer to investigate the title upon the agreement of the defendant to convey the full boundaries and acreage by deed in fee. The defendant executed to the plaintiffs a deed, which was duly recorded. The plaintiffs further allege that it was agreed that the plaintiff Foy pay into the hands of George H. Roberts $7,000, to be held by him to await the survey of the land for the purpose of ascertaining the acreage, as well as determining the title.

It was agreed that D. E. Henderson, an attorney, should investigate the title and the money should be paid over upon his certificate that the titles to said land were good and indefeasible. Upon like condition the plaintiff Foy executed his note for $4,000, which was deposited as aforesaid, and the sum of $1,000 was paid by Foy to the attorney, as per agreement with the defendant, to pay attorneys' fees and expenses, the residue, if any, to be turned over to the defendant in case the purchase was finally consummated.

The plaintiff Ipock executed his note for $12,000, secured by mortgage on his one-third interest in said lands so contracted to be conveyed. This note was delivered to the defendant with the distinct understanding and agreement that the defendant was to hold the same to await the report of the attorney as to the acreage, boundaries, and title to the land.

The plaintiffs further allege that it turned out upon a survey of the said land that the whole acreage thereof was 3,315 acres and that by actual survey out of that acreage 2,109 acres were held and claimed by superior titles, leaving only 1,206 acres, and the title to that was reported by the said attorney to be defective and insufficient; that said attorney reported that the whole of said acreage was defective in title, and he refused to give certificate of a good title thereto.

The plaintiffs further allege that the defendant well knew at the time he made the representations that the tract did not contain 5,000 acres, and that he did not have a good and indefeasible title thereto; that the

said blue-print purporting to be a correct survey of said land was not a true copy of the survey. By these representations the plaintiffs allege that they were deceived with reference to the acreage and boundaries of the land, as well as to the title.

The plaintiff alleges repeatedly that the defendant Stephens knew that the tract did not contain the number of acres represented; that he knew that the blue-print was an incorrect presentation of the land, and that he knew he had no title to it. The plaintiffs allege that when these facts became known from the report of the attorney, they offered to execute a deed back to the defendant for the said land, and demanded that the said Roberts, with whom the money had been deposited, return the same to them, and that the notes delivered to the defendant Stephens be delivered up for cancellation.

The plaintiffs further allege that the defendant has been endeavoring to negotiate the sale of the said note, and that if he is permitted to do so, the plaintiffs would be irreparably injured. The plaintiffs pray for an injunction, enjoining the assignment of the note, that the money be repaid to them by the said Roberts, and that the notes be delivered up to them for cancellation, and for other and further relief unnecessary to mention.

These facts would seem to us amply sufficient to justify, if established, the relief prayed for. They state substantially two causes of action: First, the plaintiff bases his ground for relief upon the contract and agreement of the parties. It is immaterial that the defendant made the plaintiffs a deed for the land, for the plaintiffs offered to reconvey it. It is immaterial that the mortgage executed by Ipock upon his share of the land was recorded. That may be canceled.

The point is, Was the money deposited with Roberts and the notes delivered to the defendant Stephens upon the terms and conditions stated in the complaint? If Stephens acquired no title to the note, he acquired no title to the mortgage, for the latter is merely security for the former, and if there was no unconditional delivery of the note, the fact that the defendant had the mortgage put on record would avail him nothing.

It is said by *Mr. Justice Hoke* in *Gaylord v. Gaylord,* 150 N. C., 232: "It is a familiar principle that the question of the delivery of a deed or other written instrument is very largely dependent on the intent of the parties at the time, and is not at all conclusively established by the manual or physical passing of the deed from the grantor to the grantee."

With reference to the delivery of a policy of insurance, the same justice said: "The fact that a policy in a given case has been turned over to the insured is not conclusive on the question of delivery. This matter of delivery is very largely one of intent, and the physical act of turning over a policy is open to explanation by parol evidence." See, also, *For-*

*tune v. Hunt,* 149 N. C., 358; *Tarlton v. Griggs,* 131 N. C., 216, and other authorities cited in *Gaylord v. Gaylord,* all of which show that the intent and act must concur in making a valid delivery, and that whether such existed is a question of fact to be found by the jury. *Floyd v. Taylor,* 34 N. C., 47.

The second ground upon which the plaintiffs base their claim for relief is because of the alleged fraud practiced upon the plaintiffs. It is true that the complaint fails to allege that the representations were made with intent to defraud. Such conclusion may be easily inferred, if the allegations of the complaint are established.

It is further true that fraud should be positively charged and not by implication. The representations must not only have been false and known by the plaintiff to be so, but they must be made with the intent to deceive. Fraud cannot exist as a matter of fact where the intent to deceive does not exist, for it is emphatically the action of the mind which gives it existence. *Foy v. Horton,* 85 N. C., 172.

It is apparent from the allegations of the complaint that the plaintiffs have alleged that the representations were false and that the defendant knew them to be false; and it is apparent that the plaintiffs intended to allege that they were made with a fraudulent intent. This is a defective statement of a cause of action, and can be cured by amendment. If the plaintiffs rely upon this ground for relief, they will be permitted to amend their complaint so as to charge the necessary purpose to deceive.

His Honor erred in sustaining the demurrer and in dissolving the injunction. The cause is remanded, with instructions to proceed in accordance with this opinion.

Reversed.