The plaintiff alleged that she was the owner of a tract of land in Lenoir County, containing 125 acres and known as the Highway tract, and that her husband was the owner of a tract of land in said county known as the Tower Hill tract; that on 18 January, 1919, the plaintiff and her husband executed and delivered to R. C. Strong, trustee for Henry Strong, a deed of trust on the Highway tract to secure an indebtedness of $5,000, and thereafter on 18 April, 1922, plaintiff and her husband executed and delivered to F. E. Wallace, trustee, for the National Bank of Kinston, a mortgage on said Highway tract to secure an indebtedness of $1,750. *Page 330 
Plaintiff further alleged that the following deeds of trust were executed by her and her husband on the Tower Hill tract, to wit:
(a) 24 July, 1919, to secure an indebtedness of $10,000 to the Farm Loan Bank of Columbia, South Carolina.
(b) 29 January, 1920, to secure an indebtedness of $2,000 to the National Bank of Kinston.
(c) 15 April, 1921, to secure an indebtedness of $5,259 due the defendant.
(d) 24 November, 1922, to secure an indebtedness of $1,846 due the defendant.
Thereafter on 2 February, 1923, the plaintiff and her husband executed and delivered to the defendant a deed for the said Highway tract belonging to the plaintiff for the sum of $12,000.
Plaintiff further alleged that the defendant secured a deed for her said "Highway tract" by means of fraud and coercion, for that "the defendant took undue advantage of the fact that the lands of both the plaintiff and her husband were encumbered by deeds of trust and mortgages as hereinbefore recited, unlawfully to induce, impel and coerce the plaintiff to execute to the defendant the said paper-writing, in form a deed, for her said Highway tract of land. And further, that during the fall of 1922 the defendant began to threaten and did threaten plaintiff and her husband with the foreclosure of the deed of trust on the Tower Hill tract," and "moved by such threats . . . the plaintiff and her husband decided to surrender Tower Hill farm to the defendant." Whereupon the "defendant dissuaded the husband of plaintiff from so surrendering said Tower Hill farm, and by fraudulent inducements and promises which deceived the plaintiff, caused a change of purpose of her said husband and the plaintiff to surrender Tower Hill and secure from the plaintiff and her husband by representations and assurances, which, as plaintiff believes and alleges, were fraudulent and never intended to be performed, the execution to the defendant of the paper-writing, in form a deed, for the Highway farm."
Plaintiff further alleged that the defendant had failed to account for the purchase price of said property and that said defendant had wrongfully and unlawfully misapplied said purchase price.
Upon these allegations the plaintiff asks:
(a) That the deed for the Highway tract be set aside and that she be permitted to redeem said land upon payment of the amount of the indebtedness thereon.
(b) And for such other relief as she might be entitled to.
The defendant filed a demurrer upon the ground that the complaint contained no allegations of fraud sufficient to constitute a cause of action. *Page 331 
The trial judge entered the following judgment:
"The defendant demurred to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action based upon fraud and misrepresentation; and, upon an inspection of the complaint, the court is of the opinion that no cause of action is alleged in respect to the charge of fraud, and the demurrer is sustained in that respect; but the court is of the opinion that a cause of action is sufficiently stated for money had and received, and in that respect the demurrer is overruled.
"Wherefore, it is now adjudged that the cause of action declared upon in respect to fraud and false representations be and the same is hereby dismissed, and the plaintiff is declared to be not entitled to recover in that respect.
"It is further adjudged that the plaintiff be permitted to amend the complaint so as to definitely set forth the facts in respect to the moneys had by the defendant from the purchase of the lands described in the complaint and known as the Highway tract, and the defendant will be permitted to answer said amended complaint within twenty days after service of a copy thereof on counsel."
From the foregoing judgment the plaintiff appealed.
The record discloses that the defendant held no mortgage upon the Highway tract owned by the plaintiff. Therefore the relationship of mortgagor and mortgagee does not apply. The fact that the grantee in a deed holds a mortgage executed by the grantor on other property does not raise the presumption of fraud. Hart v. Cannon, 133 N.C. 10, 45 S.E. 351. Therefore, as there was no presumption of fraud arising from the relationship of the parties, it was necessary for the plaintiff to allege the specific facts, circumstances and acts constituting the fraud complained of. The principle of law is tersely expressed in Colt v.Kimball, 190 N.C. 169, 129 S.E. 406, as follows: "It is accepted in this jurisdiction that the facts relied upon to constitute fraud, as well as the fraudulent intent, must be clearly alleged." Foy v. Stephens,168 N.C. 438, 84 S.E. 758; Nash v. Hospital, 180 N.C. 59,104 S.E. 33. The complaint in the case at bar does not comply with the principle of law so announced.
The plaintiff, however, alleges that the defendant has not accounted to her for the purchase price of her tract of land, and she is entitled to be heard on this cause of action.
Affirmed. *Page 332