PINKNEY DAVIS, ADMINISTRATOR OF THE ESTATE OF HARVEY LEE DAVIS, DECEASED, v. ERNEST RHODES AND JAMES RIGGS.

(Filed 9 November, 1949.)

**1. Pleadings § 3a—**

A statement of a defective cause of action is one in which there is a defect which goes to the substance of the cause of action and not merely to its form of statement; a defective statement of a good cause of action is one in which an enforceable cause of action is stated, but is stated inartificially or without sufficient clearness, or definiteness or particularity.

**2. Pleadings §§ 15, 22b, 26: Negligence § 16—**

A demurrer should be sustained only if there is a statement of a defective cause of action; if there is a defective statement of a good cause of action, the remedy is by motion to make the complaint more definite, G.S. 1-153, or the court may allow an amendment. G.S. 1-129. This rule applies to negligence cases.

DAVIS v. RHODES.

**3. Pleadings § 20—**

Right to demur where the complaint contains a defective statement of a good cause of action is waived by filing answer, but demurrer to a statement of a defective cause of action is not waived by answer, but may be made at any time before final judgment.

**4. Negligence § 16—**

Allegations to the effect that defendant employee was driving the truck of defendant employer in the regular course of his business, that the employee approached from the rear and "unlawfully, wrongfully, recklessly and negligently" struck and collided with the motor scooter on which plaintiff's intestate was riding, thereby causing the death of intestate, *is held* to constitute a defective statement of a good cause of action, cured by an amendment particularizing the acts of negligence relied on.

**5. Actions § 9: Death § 4—**

Where, in an action for wrongful death, the complaint discloses that the action was instituted within one year from the death, but plaintiff is thereafter permitted to amend the defective statement of his good cause of action by particularizing the acts of negligence complained of, the amendment does not introduce a new cause of action, and the cause is not barred by G.S. 28-173.

APPEAL by plaintiff from *Williams, J.,* September Term, 1949, LENOIR. Reversed.

Civil action to recover damages for wrongful death, heard on demurrer.

This action was instituted 13 December 1947. The plaintiff in his complaint makes the necessary formal allegations and then alleges in substance that his intestate died 19 December 1946; that he was killed while riding as a passenger on a motor scooter operated by plaintiff; that the scooter was being operated on its right-hand side of the highway; that defendant Rhodes' automobile, being operated by his employee, defendant Riggs, in the regular course of his business, approached from the rear; and that the driver "unlawfully, wrongfully, recklessly and negligently" struck and collided with said motor scooter, thereby causing the death of plaintiff's intestate.

The defendants, answering, admitted the collision and the death of the plaintiff's intestate, denied any negligence on their part, and pleaded the negligence of plaintiff and his wife in bar.

Thereafter, on 23 June 1949, Frizzelle, J., entered an order permitting plaintiff to amend his complaint. Pursuant to said order, plaintiff, on 28 June, filed an amendment to the complaint in which he particularizes the acts of negligence relied upon. The defendants filed their answer thereto in which they allege by way of further answer that the original complaint "does not state a cause of action against the said defendants, or either of them," and that the amended complaint was filed 28 June 1949, more than twelve months after the death of plaintiff's intestate.

They plead the provisions of G.S. 28-173 in bar and move to dismiss the action.

At the September Term, 1949, the cause came on to be heard in the court below on demurrer *ore tenus* and the motion to dismiss. The court, being of the opinion plaintiff's alleged cause of action is barred for the reason that the original complaint does not state a cause of action and the amendment to the complaint was filed more than twelve months after the death of plaintiff's intestate, sustained the demurrer and dismissed the action. Plaintiff excepted and appealed.

*Allen & Parrott and Allen, Allen & LaRoque for plaintiff appellant.*

*J. A. Jones, Weston Olin Reed, and Thomas B. Griffin for defendant appellees.*

BARNHILL, J. Does the original complaint fail to state a cause of action for wrongful death? If so, then the complaint, as amended, was filed more than twelve months after the death of plaintiff's intestate, and the action is barred by the provisions of G.S. 28-173.

On this question the defendants contend that the original complaint is fatally defective in that it states no cause of action. On the other hand, plaintiff insists that at least it constitutes a defective statement of a good cause of action and that the amendment does not inject new matter but merely particularizes the acts of negligence on the part of the defendants relied on by plaintiff.

The question thus presented involves a question of pleading which has been the subject of discussion in many decisions of this Court. It is useless for us to quote and cite all of them. Suffice it to say that they establish well-recognized principles of law which we have consistently followed.

There is a marked difference between the statement of a defective cause of action and a defective statement of a good cause of action.

When the defect goes to the substance of the cause and not to the form of the statement, it is a defective cause of action which cannot be made good by adding other allegations not included in the original complaint. It is in no event, however expertly stated, an enforceable cause of action. *Ladd v. Ladd,* 121 N.C. 118; *Lassiter v. R. R.,* 136 N.C. 89.

When, however, there is an enforceable cause of action stated but the statement thereof is inartificially expressed, or is in general terms, or the facts are not clearly and definitely stated, or it is lacking in some material allegation, it constitutes a defective statement of a good cause. That is, if the defect goes to the form of the statement and not to the substance of the cause, it is a defective statement of a good cause. *Lassiter v. R. R., supra;* McIntosh, N.C.P.&P. 379.

DAVIS *v.* RHODES.

A demurrer is designed to challenge the sufficiency of a complaint which contains the statement of a defective cause of action, McIntosh, N.C.P.&P. 399, 455, and is to be resorted to when the complaint is fatally defective in this respect. *Womack v. Carter,* 160 N.C. 286, 75 S.E. 1102, and cases cited; *S. v. Trust Co.,* 192 N.C. 246, 134 S.E. 656; *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807; *Hartsfield v. Bryan,* 177 N.C. 166, 98 S.E. 379; *Foy v. Stephens,* 168 N.C. 438, 84 S.E. 758; *Bowling v. Bank,* 209 N.C. 463, 184 S.E. 13; *Capps v. R. R.,* 183 N.C. 181, 111 S.E. 533. Answer to the merits does not waive the defect.

That a complaint does not state a cause of action or there is a want of jurisdiction over the subject matter of the action are the radical grounds of objection to a pleading which are not waived by pleading to the merits and may be taken advantage of by demurrer at any time before final judgment. *Halstead v. Mullen,* 93 N.C. 252; *Bank v. Cocke,* 127 N.C. 467; *Power Co. v. Elizabeth City,* 188 N.C. 278, 124 S.E. 611.

When, however, the complaint alleges or attempts to allege a good cause of action but is defective in that it does not definitely and sufficiently set out all the essential, ultimate facts, or is inartificially stated, or is in general terms, demurrer will not lie if, when liberally construed, the allegations are sufficiently intelligible to inform the defendant as to what he is required to answer. The remedy is by motion to make the complaint more definite. *Allen v. R. R.,* 120 N.C. 548; *R. R. v. Main,* 132 N.C. 445; *Bowling v. Bank, supra; Canal Co. v. Burnham,* 147 N.C. 41.

"The general rule is that if there is any cause of action stated in the complaint, however inartificially expressed, the demurrer will be overruled. *Blackmore v. Winders,* 144 N.C. 212; *Caho v. R. R., ante,* 20. If the defendant desired a more certain and definite statement of the alleged negligence in order that it might know the precise nature of the charge, and so that its answer might be fully responsive to the complaint, the proper remedy was by motion" to make more definite. *Jones v. Henderson,* 147 N.C. 120; *Gillikin v. Canal Co.,* 147 N.C. 39.

A demurrer to a defective statement of a good cause of action comes too late after answer. The defendant, by answering to the merits, waives the defect which is not fatal but may be cured by amendment. He may, however, move to make the complaint more definite. G.S. 1-153; *Eddleman v. Lentz,* 158 N.C. 65, 72 S.E. 1011; *Bank v. Cocke, supra; Hitch v. Commissioners,* 132 N.C. 573; *Dockery v. Hamlet,* 162 N.C. 118, 78 S.E. 13; *Livingston v. Investment Co.,* 219 N.C. 416, 14 S.E. 2d 489.

When, as is often the case, counsel resort to a demurrer, rather than a motion to make more definite, to challenge the sufficiency of the statement of a good cause of action and the defect may be cured by amendment, the courts will allow the amendment rather than dismiss the action.

*Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835; *Foy v. Stephens, supra;* G.S. 1-129; *Dockery v. Hamlet, supra.*

This rule applies in negligence cases. In *S. v. Trust Co., supra,* the plaintiff alleged that defendants "negligently and wrongfully" engaged in certain transactions which caused the loss for which recovery was prayed. Judgment sustaining a demurrer was reversed. Likewise in *Allen v. R. R., supra,* it was held that when the complaint is defective in not definitely and sufficiently setting out the negligence complained of, objection thereto should have been taken, not by demurrer, but by motion to have the plaintiff make his complaint more definite. Judgment overruling the demurrer was sustained. *Jones v. Henderson, supra,* and *Gillikin v. Canal Co., supra,* are to like effect. See also *Conley v. R. R.,* 109 N.C. 692. In *Dockery v. Hamlet, supra,* a wrongful death case, the cause was dismissed on demurrer for that the complaint failed to allege certain essential facts. The judgment was reversed and the cause was left open for amendment.

Here the plaintiff alleges the death of his intestate and that defendant Riggs, agent of defendant Rhodes, approaching from the rear on a public highway, "unlawfully, wrongfully, recklessly, and negligently" drove his vehicle into a motor scooter on which plaintiff's intestate was riding, thereby proximately causing the death of said intestate. This constitutes a defective statement of a good cause of action and not a statement of a defective cause of action. The defendants were thereby informed of the grievance asserted and the remedy sought. *Gillikin v. Canal Co., supra.* They deemed it sufficient to call forth an answer. *Eddleman v. Lentz, supra.* The plaintiff, in voluntarily amending after answer and before demurrer, introduced no new cause of action or new matter. He merely made the complaint more definite by particularizing the acts of negligence relied on. *Foy v. Stephens, supra.* Hence the action has been pending since its inception. The judgment dismissing the same must therefore be held for error.

The defendants rely on *Webb v. Eggleston,* 228 N.C. 574, 46 S.E. 2d 700, which they assert sustains the action of the court below. But that case is distinguishable. There, a demurrer was interposed and the court, in sustaining the same, adjudged that the original complaint failed to state a cause of action. We may concede, without deciding, that the judgment was erroneous. Even so, plaintiff elected not to appeal. In the absence of an appeal it became the law of the case, binding on us as well as the parties. Necessarily, then, the new complaint constituted new matter and for the first time stated a cause of action. As it was filed more than twelve months after the death of plaintiff's intestate, the action was barred by G.S. 28-173. *Capps v. R. R., supra,* and *George v. R. R.,* 210 N.C. 58, 185 S.E. 431, are similarly distinguishable.

For the reasons stated the judgment below is

Reversed.