B. W. SPILMAN, Trustee, and others *v.* THE ROANOKE NAVIGA-
TION C MPANY.

The damage to the plaintiffs' land, caused by the flooding of water upon
it, and sobbing it, from the dilapidated condition of defendants' ca-
nal, may be estimated by comparing the productiveness of the land
when flo ded, with its productiveness when not so flooded.

An action to recover such damages is not barred by the Statute of Limi-
tations, although the first flooding occurred more than three years
before the suit is brought.

(*Garrett* and wife v. *Dabney* and others, decided at this term, cited and
approved.)

This was a CIVIL ACTION, for damages, tried at the Decem-
ber (Special) Term, 1875, of HALIFAX Superior Court, before
his Honor, Judge *Moore*, and a jury, upon the following

CASE AGREED.

"The plaintiffs declared for damages to their land, for agri
cultural purposes and otherwise, caused by water flooding over
it, from the defendant's canal.

The land was valuable for agricultural purposes.

The following issues were submitted to the jury, to-wit:

2d. Has the defendant negligently permitted the canal or
any part thereof to decay, so as to damage the plaintiffs' land,
for agricultural purposes, if so, what is the damage to it, by
reason thereof ?

(Ans.) We allow $50 a year—making $150 for three years,
without interest.

3d. Have any of the damages complained of, for agricul-
tural purposes been committed within three years next before
bringing this action ?

What is the difference, if any, in value of the plaintiffs'
land, from the time the suit was instituted, and three years
before that time ?

(Ans.) Nothing.

There was conflicting evidence as to the condition of the canal, and whether the defendant negligently permitted it to become decayed and ruinous, so as to allow the water from it to damage the land—to which there was no exception.

With the view of showing damage to the land for agricultural purposes, the plaintiffs offered to prove, that had not the defendant negligently permitted the water from the canal to ooze through the canal banks and over their lands, by reason of its dilapidated condition, it would have yielded annually, in due course of agriculture, more than it would, with the water percolating from the canal upon it, for three years next before suit brought.

Defendant objected to the evidence; but it was admitted by the court.

Plaintiffs then introduced evidence to show, that some of the land was so damaged by the percolation, or flowing of the water, that it could not be cultivated; and that a portion of it in cultivation was so damaged that it yielded only half a crop. That but for the water percolating, or flowing from the canal, the land would have yielded annually much more corn and other products than it did, or could have yielded, with such percolation, or flowing upon it for three years next before suit was brought, and to prove also the value of the corn within that time.

All this evidence was objected to by defendant, when offered, but admitted by the court. Defendant excepted.

There was conflicting evidence as to the condition of the ditches on the land, and whether they were necessary for its proper cultivation.

His Honor charged the jury, that if the water from the canal damaged the plaintiffs' land, only by the natural effort of the water to escape from the canal by ordinary percolation through its banks, the plaintiffs could not recover; but if they permitted the canal to fall into decay for want of proper repairs, whereby the water escaped and damaged plaintiffs' land,

plaintiffs could recover for such damage as occurred within three years before suit was brought.

That in estimating such damage, they should allow the plaintiff for what the land would have yielded in agricultural products for three years, if the defendant had not permitted the water to escape from the canal for want of repairs; and they might consider the foregoing evidence for that purpose.

Verdict, one hundred and fifty dollars damages.

Defendant moved for a new trial; motion overruled. They also moved for judgment *non obstante veredicto;* motion refused.

They also moved to arrest the judgment, because the court could render no judgment on the verdict; motion overruled.

Judgment for the plaintiffs for one hundred and fifty dollars, and costs. Appeal by defendant.

*Walter Clark*, for appellant.
*Day* and *Batchelor & Son*, contra.

READE, J. The substance of the finding of the jury is, that by the continuous flooding and sobbing of the land of the plaintiff for the last three years by the defendant, the land has been injured $50 per year, $150 for the three years, and that the plaintiff has been damaged to that amount.

The jury were permitted to arrive at that conclusion by considering evidence as to the productiveness of the land as flooded, compared with its productiveness when not flooded. To this the defendant excepted, for the reason that the recovery can be for injury to the *land* only and not for injury to the *crops* or loss of crops. And he cites among other authorities, *Sledge* v. *Reid*, at last term, 73 N. C. Rep., 440; in which we held, that in an action for a mule there could not be a recovery for the supposed value of a crop which might have been made with the mule, but only the value of the mule.

We are still of the opinion that that case is right. But how

was the value of the mule to be shown? All mules are not of the same value. If it were kept and used for work, it would be proper to enquire into its qualities and strength; if kept to ride, whether it was stylish and its paces easy? if for racing, what was its speed? All this simply to show the value of the mule.

So when the value of land is to be ascertained. If kept for cultivation, as this was, what was its productiveness? how much did it produce when not flooded? how much did it produce as flooded? All this simply to show the value of the *land*, and the injury to *it*; and not to recover for the supposed loss of the crops. When the time *is pas* , the comparison of the crops in connection with the seasons and other circumstances, is the best possible test as to the injury to the land. If the net profit of the products when the land is not flooded is $50, and the net profit is nothing when flooded, then it is demonstrated that it is injured $50 by the flooding.

Again, the defendant insists that the first flooding was done more than three years before the action commenced, and that that was the time when the injury was done; and so, the action is barred by the statute of limitations.

The defendant's illustration is worth preserving for its amusing fallacy : "Suppose he had lamed the plaintiff's horse more than three years ago, and he had continued lame ever since, the action would be barred. So, as he first injured the plaintiff's land more than three years ago, and it has continued injured ever since, the action is barred." The fallacy is in not drawing the distinction between a *single* act of injury and *continuous* acts. In our case, he flooded the land more than three years ago, it is true; and for that the action is barred; but he has also continued to flood it anew every day within three years, and for that the action lies. See *Garrett and wife* v. *Dabney and others*, at this term.

There is no error.

PER CURIAM.                                    Judgment affirmed.