This action was brought by the plaintiff to recover the amount of certain fines and penalties which were collected by the defendant, and was heard in the Superior Court upon a case agreed. It appears therefrom that the plaintiff filed with the board of aldermen of the defendant, the Town of Greenville, on 3 April, 1902, a claim for the fines and penalties collected by said town for violations of the criminal law of the State and the town ordinances during the three years immediately preceding said date, and demand of the defendant that the claim be audited and that the amount of the fines and penalties so received during the said years be paid to it. The defendant admitted its liability to account with the plaintiff for the fines and penalties collected during the two years immediately preceding the date of the demand, and the claim for so much as was received during the said two *Page 4 
years was audited and paid by the defendant; but the defendant refused to audit and pay any part of the claim preferred for the year commencing 3 April, 1899, and ending 3 April, 1900, and denied (5) its liability to account with the plaintiff for the same, its contention being that, by sections 756 and 757 of The Code, the plaintiff can recover only the fines and penalties collected during the two years immediately preceding the date of the demand upon it.
It is provided in section 756 of The Code that any claim against a county, city or town shall be presented to the chairman of the board of commissioners or to the chief officer of said county, city or town, as the case may be, within two years after the maturity of said claim, or the holder of the same shall be forever barred from a recovery thereof. The language of this section is plain and explicit, and there is room for but one construction of it. This Court has said that the provision of the statute is not in strict terms a limitation of the time within which an action may be prosecuted, but that it imposes upon the creditor the duty of presenting his claim within a prescribed period of time, and, upon his failure to do so, forbids a recovery in any suit thereafter commenced.Wharton v. Comrs., 82 N.C. 11. In a later case, Davis, J., speaking for the Court, and referring to this section, said: "This is a statute of limitation, and such claims against the county should be presented within two years after maturity." Lanning v. Comrs., 106 N.C. 505. We think it is unnecessary to inquire or to decide whether the statute is strictly one of limitation, or whether it merely imposes a duty upon the holder of a claim against a municipal corporation, the performance of which is a condition precedent to his right of recovery. In either view of the nature of the statute, the claimant, by its very words, is "barred from a recovery" of any part of the claim that did not mature within the two years immediately preceding the date of his demand, and this conclusion as to the effect of the statute is all-sufficient for the disposition of this appeal.
The learned counsel for the plaintiff, in his argument before us, cited School Directors v. Asheville, 128 N.C. 249, and several (6) other cases of a like kind. In those cases the statute now under consideration was not pleaded, but the defendant relied upon the general statute of limitations, and the question in this case was not discussed. The cases, therefore, are not in point.
The judge who heard this case in the court below held that section 756 of The Code barred a recovery of the amount of the fines and penalties collected during the year next preceding 3 April, 1900, for *Page 5 
which this suit was brought, and rendered judgment for the defendant dismissing the action. In this decision we fully concur.
PER CURIAM. Judgment affirmed.
Cited: School Directors v. Asheville, 137 N.C. 507; Dockery v. Hamlet,162 N.C. 120.