This is a proceeding under chapter 39, Pr. Laws 1909, to condemn the western end of Brunswick Street in Wilmington, where it touches upon the Cape Fear River. The plaintiff and the terminal company, one of the defendants, deemed that it would be beneficial to condemn this western end, 175 feet in length, of the street which lay between them, in order to connect their property, and entered into an agreement with the city of Wilmington by which it consented that (332) an act should be passed permitting the condemnation of the street. It was specified in this agreement that the city of Wilmington should be paid for its rights in the street whatever the commissioners in the condemnation proceedings should find to be a just value. In consideration of such compensation and the inducement that the plaintiff agreed to build warehouses, enlarge its terminal facilities, and make other improvements, requiring considerable expenditure of money, upon the premises to be so condemned, the city consented to the passage of the act.
In the condemnation proceedings the value of that part of the street which was so condemned, 66 feet wide and 175 feet long, was assessed at $12,000. The interest of the terminal company therein was assessed at *Page 262 
$3,000 and the interest of the plaintiff at $3,000, and the value of the city's interest was assessed at $6,000. Judgment was entered upon the award and the plaintiff and the said terminal company excepted and appealed, upon the ground that upon the condemnation of the street the ownership of the soil therein reverted to the abutting proprietors, said terminal company and the plaintiff, and that therefore the city had no interest therein for which damages could be assessed. As this Court said in Spilman v.Navigation Co., 74 N.C. 675, in reference to an argument therein presented, this proposition presents "an amusing fallacy which is worth preserving." Roberts v. Baldwin, 151 N.C. 409.
It sometimes happens that a city owns the fee simple in the streets which it retains when that part of the town is laid off, as is the case with the city of Raleigh, where the State holds the streets in fee in trust for the city. It does not appear that the city of Wilmington does not own the fee simple in Brunswick Street at this point. But if it were otherwise, it certainly owned an easement therein in trust for all the people of the city, and when that easement, by authority of the General Assembly, is condemned and taken away, it is entitled to compensation for its assessed value (unless the act provides otherwise) as much so as the adjacent proprietors have a right to have the value of their reversion assessed. Indeed, here by express agreement the city (333) consented to the passage of the act upon condition that it should be paid the value of its easement in said street.
It is admitted that if the city is entitled to anything at all, it is entitled to the sum of $6,000, which has been assessed as the value of its easement in the street. The proposition of the two adjacent corporations, who have cast longing eyes upon the land occupied by the broad street between them which they wish to appropriate for their own uses, is that if they appropriate the same by condemnation proceedings they shall simply take it for division between themselves, leaving the city without compensation for the loss of its easement. Yet without the consent of the city it can not be conceived that the Legislature would have authorized the taking of the street for private ownership, nor that the city would have consented to the passage of the act without compensation being therein provided for the loss of the use of the street by its citizens.
Indeed, the statute provides that if the plaintiff shall not within six months begin the enlargement of its terminal facilities the land condemned under this act shall "revert to the city for public purposes . . . upon return to said railway of the amount of money paid by it or them (its receivers) under the condemnation proceedings." This clearly contemplates payment by the plaintiff to the city for the value of its easement in the street, to be assessed in such condemnation proceedings.
Affirmed. *Page 263 
(334)