M. C. EARNHARDT et al. v. BOARD OF COMMISSIONERS OF LEXINGTON.

(Filed 22 November, 1911.)

1. Cities and Towns—Highways—Streets—Abutting Owner—Negligence—Damages.

As a rule, the abutting owner may not recover damages in his action against a municipality for diminution in the value of his property caused by a duly authorized change of grade in an established street, except when the work has been done in an unskillful or negligent manner, so as to proximately cause the damages claimed.

2. Cities and Towns—Streets—Evidence—Nonsuit—Statute of Limitations—Harmless Error.

In this case damages are recoverable by plaintiff for diminution in the value of his property abutting on the street caused

by the city's negligent construction in making authorized changes, and the error committed in the lower court in sustaining a nonsuit upon the evidence is adjudged harmless by reason of the statute of limitations having run against plaintiff's cause of action.

3. **Cities and Towns—Streets—Negligence—Abutting Owner—Permanent Damages.**

The damages awarded in an action against a city to an abutting owner by reason of a faulty construction or work in changing the grade of a street by the proper officers of a city are permanent, and cover those which are past, present, and prospective.

4. **Same—Statute of Limitations—Pleadings—Evidence.**

The statute of limitation of actions runs within three years next before the commencement of an action against a city for negligent or faulty construction or work done in changing the grade of a street to the damage of an abutting owner, and when this statute has properly been pleaded and established by the evidence, the cause of action is barred.

APPEAL from *Lyon, J.,* at February Term, 1911, of DAVIDSON.

Civil action for damages for alleged wrongful diversion of water upon plaintiff's premises, causing substantial damages thereto.

Plaintiff alleged that defendant had changed the grade of a public street in front of his home, and, in doing this and in the construction of the sidewalk, had so done the work that whenever there was a hard or beating rain a lot of water was collected and thrown in bulk upon his premises and the residence thereon, causing serious damage to his property and the family resident thereon. Defendant denied the wrong and pleaded the three-year statute of limitations thereto, in case same should be established. At the close of plaintiff's evidence, and again at close of entire testimony, there was motion of nonsuit. Last motion sustained. Judgment of nonsuit entered, and defendant excepted and appealed.

*McCrary & McCrary for plaintiff.*
*E. E. Raper for defendant.*

HOKE, J., after stating the case: It is well recognized with us that an abutting owner may not, as a rule, recover damages

for diminution in the value of his property, caused by a duly authorized change of grade in a street which has been already established. *Dorsey v. Henderson,* 148 N. C., 423; *Wolfe v. Pearson,* 114 N. C., 621. The position is allowed to prevail on supposition that the municipal authorities shall not proceed or have the work done in an "unskillful or negligent manner," and where it is shown that there has been a breach of duty in this respect, an action lies. This principle, announced in *Meares v. Wilmington,* 31 N. C., 73, has been upheld in numerous cases in our Court. *Jones v. Henderson,* 147 N. C., 120; *Wright v. Wilmington,* 92 N. C., 156, etc., and was approved and applied in the recent case of *Harper v. Lenoir,* 152 N. C., 723.

On a perusal of the record, we are inclined to the opinion that there was evidence to show, in this instance, a negligent construction of the sidewalk, causing unnecessary damage to plaintiff's premises; but this view cannot avail plaintiff, for the reason that, on the face of the complaint and the uncontroverted facts, it appears that plaintiff's cause of action is barred by the three-year statute of limitations, and the statute having been duly pleaded, the order of nonsuit should, in any event, be considered and treated as harmless error. *Oldham v. Rieger,* 145 N. C., 254; *Cherry v. Canal Co.,* 140 N. C., 422. In *Harper's case* it was held that the measure of damages, in actions of this character, was ordinarily the impaired and market value of the property, and that, on action brought, recovery should be had for the entire wrong—past, present, and prospective. Speaking to this question and the principle upon which it was properly made to rest, the Court said: "And having been caused by a change of grade, done, as a rule, under statutory authority and considered of a permanent nature, under our decisions there may, and, ordinarily, must be but one recovery for the entire wrong." This general principle is well stated by *Justice Avery* in *Ridley v. R. R.,* 118 N. C., 998, as follows: "But even where the injury complained of, either by the servient owner or an adjacent proprietor, is due to the negligent construction of such public works as railways, which it is the policy of the law to encourage, if the injury is permanent and affects the value of the estate, a recovery may be had at law of the entire damages

in one action." Citing *Smith v. R. R.,* 23 W. Va., 453; *Troy v. R. R.,* 3 Foster (N. H.), 83; *R. R. v. Maher,* 91 Ill., 312; *Biger v. R. R.,* 70 Iowa, 146; *Fowle v. R. R.,* 112 Mass., 334, 338; *s. c.,* 107 Mass., 352; *R. R. v. Estorle,* 13 Bush (Ky.), 667; *R. R. v. Combs,* 10 Bush (Ky.), 382, 383; *Stodghill v. R. R.,* 53 Iowa, 341; *Cadle v. R. R.,* 44 Iowa, 1. And is said by Mr. Elliott, in his work on Roads and Streets, to obtain very generally in determining the damages recoverable on a change of grade by the authorities. On the subject the author says:

"SEC. 488. *All Damages Are Recoverable in One Action.* The change of grade is a permanent matter, and all resulting injury must be recovered for in one action, for the property-owner cannot maintain successive actions as each fresh annoyance or injury occurs. The reason for this rule is not far to seek. What is done under color of legislative authority, and is of a permanent nature, works an injury as soon as it is done, if not done as the statute requires, and the injury which then accrues is, in legal contemplation, all that can accrue, for the complainant is not confined to a recovery for past or present damages, but may also recover prospective damages resulting from the wrong. It is evident that a different rule would lead to a multiplicity of actions and produce injustice and confusion. It is in strict harmony with the rule which prevails, and has long prevailed, in cases where property is seized under the right of eminent domain."

It will be noted that this principle of awarding permanent damages for a certain class of injuries, made obligatory as to railroads, Revisal, sec. 394, is placed upon the ground that the work complained of is of a permanent nature, done by virtue of statutory authority and for the public benefit, and is thus differentiated from nuisances maintained by private persons, individual or corporate, and causing recurrent damages, as in *Roberts v. Baldwin,* 151 N. C., 407, and *Spilman v. Navigation Co.,* 74 N. C., 675; and, further, that an action of this kind is not held to have necessarily accrued only when there has been actual physical interference or invasion of a claimant's property—the correct position when section 394, subsec. 2, or 395, subsec. 3, applies (*Stack v. R. R.,* 139 N. C., 366); but, as shown

in *Harper's case,* the cause of action is for negligence, subject to the limitation established in section 395, subsec. 5, and is properly held to accrue at the time the work is negligently done and the value of claimant's property thereby sensibly impaired.

This action was commenced on 1 September, 1909. On the allegations of the complaint and the uncontroverted facts, the work was done and substantial injury caused by the negligent construction, commenced in 1904. The plaintiff's cause of action is therefore clearly barred by lapse of time, and the statute having been properly pleaded and insisted on, the results of the trial should not be disturbed. There is no reversible error, and the judgment of nonsuit must be

Affirmed.