JOHN MURPHY v. CAROLINA ELECTRIC COMPANY ET ALS.

(Filed 26 September, 1917.)

1. **Appeal and Error—Service of Case—Agreement—Time Extended—Computation.**

    Time extended by consent to serve statement of case on appeal is computed from adjournment of court, or, as in this case, when the judge left the county.

2. **Appeal and Error—Service of Case—Time Extended—Laches—Certiorari.**

    Excusable neglect is not shown in serving statement of case on appeal in this case, it appearing that the appellant had at least four days left him for the purpose after the stenographer's transcribed notes had been filed with the clerk, as directed; and appellant and his attorneys, within ready communication with the clerk's office at the county-seat, did not ascertain

the fact or communicate with the stenographer, living in another town, when the copy promised them had not been received, it appearing that their copy had been directed, by mistake, to other attorneys living in the same town; and a motion for a *certiorari* will not be allowed in the Supreme Court.

**3. Appeal and Error—Certiorari—Record Proper—Rules of Court—Agreement of Parties.**

The parties to an appeal, without the consent of the court, cannot waive the rule of the Supreme Court requiring that a transcript of the record proper, or all thereof that may be had, shall be filed therein as the basis for the motion for a *certiorari;* but they may, by written agreement, consent that the appeal may be docketed at the next ensuing term of the Supreme Court.

APPEAL by defendants from *Webb, J.,* at March Term, 1917, of SCOTLAND.

*Cox & Dunn for plaintiff.*
*G. B. Patterson and McLean & McKinnon for defendants.*

PER CURIAM. This appeal was entered by defendants at March Term, 1917, of Scotland, and by consent they were granted 60 days to serve statement of the case on appeal. The court expired by the judge leaving the county on 13 March, and the 60 days therefore expired on 12 May. The stenographer filed the transcript of testimony in the clerk's office on 9 May. The clerk certifies that at no time was he ever requested by the defendants or their counsel to notify them of docketing the transcript of testimony in his office; that on 20 March he issued transcript of the judgment to Robeson, and on 22 March he issued execution on the judgment; that since 9 May the transcript of testimony and a carbon copy thereof have been on file in his office, but neither the defendants nor any one for them have called on him for the same; that his office is connected by the Bell Telephone Company with the offices of defendants' counsel and with the residence of the president of both the defendant companies.

The defendants moved in this Court on 25 May for *certiorari,* which, by consent of plaintiff, was continued, without prejudice to his rights, to this term. The defendants contend that the delay to make up the case on appeal was not due to any fault of theirs, but to the fact that the stenographer, who lives in Greensboro, mailed the copy of the notes to them at Maxton, but misaddressed it to McLean & McRae instead of to McLean & McKinnon. There was agreement between said counsel and the stenographer that transcript of notes need not be made up till April Term of Scotland Court, and they did not write her in regard to the matter till 17 April. The defendants' counsel asked the clerk before that, on 12 April, if the transcript to the evidence had been filed in his office, but

they made no further application to the clerk for information, nor after the testimony was filed there on 9 May, though there was a telephone to the clerk's office which they could have used at any moment.

The letter of the defendants' counsel to the stenographer, asking for the transcript of the evidence, was not written until 17 April, and the request therein was not that she should send them a copy, but that she should "file it in the office of the clerk of the Superior Court." Her sending them a copy misaddressed is immaterial. If they expected a copy they should have wired or written her, when there was danger that it would not come in time. It was negligence that they did not have any arrangement with the clerk, nor request him to notify them when the transcript was filed, nor make any inquiry of him thereafter. If this had been done, they could have had such notice by 'phone or mail on 9 May, and by automobile or train they could have had prompt access to such copy, for it is only some 8 miles by rail from their office to the county-seat.

There was laches on the part of the defendants. From 9 May to 12 May they made no inquiry, by 'phone or mail, of the clerk, and did not use the evidence to make up their case on appeal, when they had four days in which to do so. For many years, and until recently, the statute allowed only five days for the appellant to make out his case on appeal. The statute (Revisal, 591) now allows the appellant fifteen days. This, by consent of the appellee in this case, was extended sixty days, and the appellee was not called on to extend that liberal allowance.

The motion for *certiorari* cannot be allowed. We take note, however, to "exclude a conclusion" that in this case the appellee, agreeing that the motion for *certiorari* should go over to this term (which was a matter he could consent to), further consented to waive the requirement that on an application for *certiorari* for the case on appeal the transcript of the record proper must be docketed. This is a requirement of the court, and could not be waived by the appellee. This has had no effect here, as the *certiorari* is denied on the ground above stated. But attention is called to the fact that the court will not dispense, by reason of consent of counsel, with the requirement that a transcript of the record proper, or all of it which can be had, must be filed as the basis of an application for *certiorari*. *Burwell v. Hughes,* 120 N. C., 277, and cases there quoted, and cases cited thereto in the Anno. Ed.

Motion denied.