JAMES W. COX, Jr., et als. v. KINSTON CAROLINA RAILROAD AND LUMBER COMPANY et als.

(Filed 28 March, 1919.)

1. **Appeal and Error—Rules of Court—Docketing Case—Dismissal.**

A motion for a *certiorari* to bring up the case on appeal will be denied if made after the appellee has had it docketed and dismissed under Rule 17 for the failure of the appellant to have his case docketed seven days before entering upon the call of the docket by the Supreme Court of the district to which it belongs, as required by Rule 5.

2. **Appeal and Error—Settlement of Case—Time Extended—Courts—Agreement of Council.**

The requirement as to the time of settling cases on appeal is statutory, without authority of the courts to extend it, and though the parties may extend it by agreement, this practice is discouraged.

Appeal from *Allen, J.,* at December Term, 1918, of Lenoir.

By consent, thirty days was given to serve case on appeal and twenty days thereafter to serve counter-case. The appeal was required by the rules to be docketed here on or before Tuesday, 25 February, at 10 a. m., or the appellant was entitled to docket and dismiss under Rule 17, unless the case was docketed or a *certiorari* on good ground was applied for before the motion to dismiss was made.

*J. S. Manning for plaintiffs.*
*Cowper, Whitaker & Hamme for defendants.*

Clark, C. J. Rule 5 of this Court (174 N. C., 828) provides:

"Rule 5. *When Heard.*—The transcript of the record on appeal from a judgment rendered before the commencement of a term of this Court must be docketed at such term seven days before entering upon the call of the docket of the district to which it belongs, and stand for argument

in its order; if not so docketed, the case shall be continued or dismissed under Rule 17, if the appellee files a proper certificate prior to the docketing of the transcript."

The appellee docketed and moved to dismiss at 1:30 p. m. on Saturday, 1 March, and was entitled to have the motion allowed. The appellant thereafter at 6 p. m. on the same day moved to docket and asked for a *certiorari* for the case on appeal upon the ground that the judge had not settled the case on appeal.

Without going into the controversy as to whose fault it was that the case was not settled in time, it is clear that the appellant was in laches in not applying for *certiorari* before the time at which, under the procedure and practice of this Court, the appellee was entitled to docket and dismiss.

As *Judge Merrimon* well observed in *Walker v. Scott,* 102 N. C., 490, the rules of the Court are necessary for the regular and orderly dispatch of business, and not perfunctory, to be observed or not as the parties may choose. If not observed, there would be a great waste of the time of this Court in arguing whether or not the rule ought to be observed in a given case or ought not. It is absolutely necessary that these rules shall be observed, and that a party who neglects to do so shall understand that he must pay the penalty of his neglect.

This Court has always held that the time in which cases shall be settled on appeal being statutory, the court below has no power to extend the statutory time. *Gupton v. Sledge,* 161 N. C., 213, and cases there cited. Though we have recognized the right of the parties by consent to extend the statutory time, it is not a practice to be encouraged and very frequently leads to such controversies as in this case. In this case, however, there was ample time to settle the appeal after the expiration of the extended time.

The appellee having docketed the motion to dismiss under Rule 17 before the appellant filed his application for *certiorari* was within his rights and is entitled to have the appeal dismissed, and the motion for *certiorari* must be denied. The necessity of the Court adhering to its rules has been repeatedly stated. Among other cases, this is discussed in *Calvert v. Carstarphen,* 133 N. C., 25; *Vivian v. Mitchell,* 144 N. C., 477; *Lee v. Baird,* 146 N. C., 363.

We have, however, read the record with care, and find no merits in the appeal, which was probably taken merely for delay. In any event, the appellee is entitled to have his motion to dismiss allowed.

Appeal dismissed.