(February 2, 1920.)[1]

EDWARD DITZEL, Appellant, v. EVERGREEN HIGH-WAY DISTRICT, Respondent.

[187 Pac. 269.]

HIGHWAY DISTRICT—ORGANIZATION OF—VALIDITY—STATUTE OF LIMITA-TIONS—BOND ISSUE—INJUNCTION—COMPLAINT—SUFFICIENCY OF.

1. Under sec. 6, chap. 55, Sess. Laws 1911, an action affecting the validity of the organization of a highway district cannot be commenced or maintained after one year from and after the enter-

ing of the order of the board of county commissioners declaring such district duly organized.

2. A complaint in an action to enjoin the issuance of highway district bonds which does not attack the regularity or sufficiency of the proceedings upon which the issue is based, but seeks to invalidate the bonds on the theory that the district was not lawfully organized under sec. 4, chap. 55, Sess. Laws 1911, and which shows on its face that the order of the board of county commissioners declaring the district duly organized was entered more than one year prior to the filing of the complaint, does not state facts sufficient to constitute a cause of action.

APPEAL from the District Court of the Tenth Judicial District, for Lewis County. Hon. Wallace N. Scales, Judge.

Action to enjoin the issuance of highway district bonds. Judgment of dismissal. *Affirmed.*

T. H. Bartlett, for Appellant, cites no authorities.

Fred E. Butler, for Respondent.

''The rights of the voters should not be prejudiced by the errors or wrongful acts of the election officers, unless it be made to appear that a fair election was prevented by reason of the alleged irregularities:'' (*Murphy v. City of Spokane,* 64 Wash. 687, 117 Pac. 476; *Pickett v. Board of County Commrs.,* 24 Ida. 200, 133 Pac. 112; *People v. Van Cleve,* 1 Mich. 362, 53 Am. Dec. 69; *State v. Board of Commrs. (Burkholder),* 42 Kan. 641, 22 Pac. 722; *State v. School District No. 19,* 42 Neb. 499, 60 N. W. 912.)

BUDGE, J.—This is an action to enjoin the issuance of bonds by the Evergreen Highway District of Lewis county. A general demurrer to the complaint was sustained and the appellant refusing to plead further, judgment was entered dismissing the action. This appeal is from the judgment.

From the complaint it appears that a bond issue of $90,000 for the purpose of construction, improvement and repair of highways within the Evergreen Highway District was authorized at an election called for that purpose in May, 1919. The

validity or regularity of the proceedings upon which the bond issue is based is not attacked, but it is sought to invalidate the issue upon the theory that the district was not lawfully organized. The only defect in the organization thereof alleged is that the notice of the holding of the election for the purpose of determining whether a district should be organized was not published once a week for three successive weeks prior to the day upon which the election was held as required by C. S., sec. 1493, but that the last publication of said notice occurred on the day such election was held, viz., the first day of February, 1913. It is alleged, however, that notwithstanding this defect in the publication of the notice, the result of the election was certified to the board of county commissioners which by order made upon its minutes declared the district duly organized: that one certified copy of such order was filed for record in the office of the county recorder of Lewis county on February 6, 1913, and another transmitted to the Governor, who appointed three commissioners for the district, who in turn met and organized as the highway board thereof on May 3, 1913, "and since said time, the said Evergreen Highway District has exercised all of the functions of a duly created highway district under the laws of the state of Idaho, and has assessed, levied and collected taxes and has improved the highways within said district and has entered into contracts for the improvement of the highways in said district, and has since said third day of May, 1913, carried on the business of a highway district."

At the time of the creation of the highway district, sec. 6, chap. 55, Sess. Laws 1911, provided that ". . . . in no event shall any action be commenced or maintained . . . . affecting the validity of such organization after one year from and after the making and entering of the order" of the board of county commissioners declaring the highway district duly organized. Clearly, under the provisions of this statute this action could not be maintained.

The trial court committed no error in holding that the complaint failed to state facts sufficient to constitute a cause of

action. The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.