## LEE A. SMITH v. CITY OF WINSTON-SALEM.

(Filed 18 February, 1925.)

1. **Courts—Superior Courts—Inferior Courts—Appeal—Supreme Court—Appeal and Error.**

   Where the Superior Court judge remands a case to the inferior or county court for another hearing, it is desirable that he specify the particulars upon which he has acted; and on appeal from him to the Supreme Court the question presented is whether error is shown on the face of the record.

2. **Municipal Corporations — Cities and Towns — Charter — Statutes — Actions—Presentation of Claims—Damages.**

   Under the provisions of a city charter requiring that all claims arising in tort, etc., shall be presented in writing to the board of aldermen or the mayor, etc., within ninety days after the cause of action accrues: *Held,* a compliance with this requirement is necessary to the maintenance of

the cause of action against the city for its alleged negligence, unless valid excuse is shown, and where this demand has not been so made, the utmost damages the plaintiff could recover would be those arising within the 90 days or from the time the cause of action accrued, plus all future damages accruing thereafter, and an instruction that the plaintiff's recovery would relate back for three years next preceding the institution of the action, is reversible error.

HOKE, C. J.; CLARKSON, J., dissenting.

APPEAL by plaintiff from *Lane, J.,* at November Term, 1923, of FORSYTH.

Civil action tried in the Forsyth County court, resulting in a verdict and judgment for plaintiff. On appeal to the Superior Court, the cause was remanded for another hearing, without specifying in what particular or particulars error or errors had been committed on the trial. From this order plaintiff alone appeals, contending that no reversible error appears on the record.

*Swink, Clement & Hutchins for plaintiff.*
*Parrish & Deal for defendant.*

STACY, J. We are limited in our consideration on this appeal to the single question as to whether or not error was committed on the hearing, sufficient to warrant a *new trial.* We are precluded, by the condition of the record, from considering any other question. The plaintiff alone is appealing, and none of the defenses urged by the city and which go to the plaintiff's right to recover, is presented for decision on the present record. We therefore confine ourselves to this one question.

In passing, it may be remarked that when the Superior Court is sitting as an appellate court, subject to review by the Supreme Court, and a new trial is awarded and the cause remanded for another hearing, it is desirable for the judge to state separately, either at the time of the trial or in the case on appeal, the several rulings he considers erroneous and which induced his action, just as he is required to do when setting aside a verdict in his own court as a matter of law for errors committed during the trial, and not in the exercise of his discretion. *Powers v. City of Wilmington,* 177 N. C., 361.

Plaintiff alleges that in the summer of 1919, the defendant repaved certain streets in the city of Winston-Salem, and in doing so, negligently constructed an intake, for carrying off the surface waters on the west side of South Main Street, directly in front of his premises, so that in times of more than a light rainfall, water and refuse are collected and thrown upon his premises, causing serious damage to his property, etc. *Lockwood v. Dover,* 73 N. H., 209; 23 Mich. Law Review, 325. The

defendant denied all allegations of negligence, and set up as a bar to plaintiff's right to recover, the following provisions in its charter (section 94, chapter 180, Private Laws 1915) :

"All claims or demands against the city of Winston-Salem arising in tort shall be presented to the board of aldermen of said city or to the mayor, in writing, signed by the claimant, his attorney or agent, within ninety (90) days after said claim or demand is due or the cause of action accrues; that no suit or action shall be brought thereon within ten (10) days or after the expiration of twelve (12) months from the time said claim is so presented, and unless the claim is so presented within ninety (90) days after the cause of action accrued, and unless suit is brought within twelve (12) months thereafter, any action thereon shall be barred."

Notice of claim, as required by the above section of the city charter, was filed by the plaintiff on 15 November, 1921, and thereafter on 15 December, 1921, the plaintiff instituted this action.

The trial court instructed the jury that the plaintiff was entitled to recover all damages which had accrued within three years next immediately preceding the institution of his action, on 15 December, 1921. In this, we think there was error. In no event would the plaintiff be entitled to recover damages for a longer period than ninety days prior to the filing of his notice, plus all future damages accruing thereafter. *Dayton v. City of Asheville,* 185 N. C., 12 ; *Earnhardt v. Comrs. of Lexington,* 157 N. C., 234. In other words, notice of demand within ninety days after the claim arises or the cause of action accrues, being a prerequisite to the right to bring a suit of this kind, it follows that where no notice is given within ninety days after the claim arises or the cause of action accrues, in the absence of a valid excuse therefor (*Terrell v. Washington,* 158 N. C., 282), no action may be maintained for any part of the claim that did not mature within ninety days immediately preceding the date of his demand, where the defendant insists upon the provisions of its charter, as it does here. *Board of Education v. Greenville,* 132 N. C., 4; *Dockery v. Hamlet,* 162 N. C., 118; *Wood v. Wood,* 186 N. C., 559.

There being no appeal by the defendant, the question is not presented on the present record, as to whether or not the plaintiff's entire claim is barred, under the principles announced in *Dayton v. Asheville,* 185 N. C., 12; *Earnhardt v. Comrs. of Lexington,* 157 N. C., 234, *Barcliff v. R. R.,* 168 N. C., 268, *Roberts v. Baldwin,* 151 N. C., 407, *Hocutt v. R. R.,* 124 N. C., 219. We, therefore, refrain from any discussion of the point.

There was error in the charge on the issue of damages, and this makes it necessary to affirm the judgment of the Superior Court.

Affirmed.

HOKE, C. J., dissenting: I am of opinion that the charter restrictions relied upon by the defendant in this suit were designed to affect the claimant's right to maintain his action only in reference to the time during which same should be commenced, and do not and were not intended to establish any new or different rule as to the admeasurement of damages.

Assuming, as we must do in the present condition of the record, and as the opinion of the Court does, that plaintiff has established his cause of action within the time, I think the trial court has laid down the correct rule for ascertaining the quantum of damages, and that the judgment on the verdict should be affirmed.

CLARKSON, J., concurs with HOKE, C. J., in dissent. ·