H. D. BAKER ET AL. v. J. R. HARE ET AL.

(Filed 31 December, 1926.)

1. Appeal and Error—Certiorari—Docketing—Record Proper.

The docketing of the record proper in the Supreme Court is a prerequisite to the consideration of a motion therein made for a *certiorari* to bring the appealed case up for review.

**2. Same—Extension of Time to Serve Case—Laches.**

> Where the parties have agreed upon such extension of time for the
> service of their respective cases on appeal that the delay will cause the
> docketing of the case too late to come within the rule, the appellant
> having used his full time may not successfully move in the Supreme
> Court for a *certiorari* upon the ground that the delay was caused by a
> loss of the papers in it, for which he was not responsible, without proof
> sufficient to overcome evidence in denial of the allegation.

MOTION for *certiorari* to have case brought up from BUNCOMBE Superior Court and heard on appeal.

*Geo. W. Garland for defendants, movants.*
*Thomas S. Rollins for plaintiffs, respondents.*

STACY, C. J. This was a civil action to recover damages for an alleged breach of a covenant of seizin in a deed given for the exchange of certain lands, tried before his Honor, A. M. Stack, Judge Presiding, and a jury, at the July Term, 1926, Buncombe Superior Court, and from a verdict and judgment in favor of plaintiff, the defendants gave notice of appeal to the Supreme Court. By consent, defendants were allowed sixty days within which to prepare and serve statement of case on appeal, and plaintiffs were allowed sixty days thereafter to file exceptions or counter statement of case. This application for *certiorari* was made 7 December for the reason, as alleged by movants, that all the papers in the case were lost or misplaced for a time, and appellants were unable, in the exercise of due diligence on their part, to have the appeal ready for argument at the call of the docket from the 19th District, the district to which the case belongs.

These allegations are denied by the plaintiffs with some vigor, which denial is supported by affidavit from the clerk of the Superior Court of Buncombe County, but we deem it unnecessary to go into the merits of the controversy, except to say that for two reasons the motion must be denied:

1. Because no transcript of the record proper, or any part thereof, has been filed in this Court as a necessary requirement before application for a writ of *certiorari* will be entertained. *Murphy v. Electric Co.,* 174 N. C., 782; *Burrell v. Hughes,* 120 N. C., 277. 2. Because the defendants by agreeing to such a long extension of time for serving statement of case on appeal and by taking the full sixty days allowed to them, thereby put it out of their power to have the appeal ready for argument as required by the rules of the Supreme Court. This they did at the risk of losing their right of appeal, and, as might have been expected, they have lost it. There is nothing on the record to suggest the necessity of any unusual time in preparing the case on appeal. *Trust Co. v. Parks,* 191 N. C., 263; *S. v. Surety Co., ante,* 52.

The adjective law is not to be enforced harshly or oppressively, but rather in a spirit of liberality, to the end that justice may be administered in all cases. But this does not mean that procedural statutes will be construed by the courts in a manner so as to favor the negligent and at the same time penalize the diligent party. *Vigilantibus et non dormientibus subvenit lex:* "The law comes to the assistance of the diligent, and not to those who sleep upon their rights." When litigants resort to the judiciary for the settlement of their disputes they are invoking a public agency, and they should not forget that rules of procedure are necessary, and must be observed, in order to enable the courts properly to discharge their duties.

The facts chiefly pertinent are not unlike those appearing in the case of *Finch v. Comrs.,* 190 N. C., 154, where a similar motion was denied.

Motion denied.