WALTER E. BROCK ET AL. v. W. B. ELLIS.

(Filed 13 April, 1927.)

**Appeal and Error—Certiorari—Motions—Record Proper.** `

It is uniformly required that the statute must be complied with that the appellant aptly file a record proper in the case appealed from as a prerequisite for the Supreme Court to grant his motion for a *certiorari* to bring up the case for review.

MOTION by plaintiffs to docket and dismiss defendant's appeal under Rule 17. Counter motion by defendant for *certiorari* to have case brought up from FORSYTH Superior Court and heard on appeal.

*Manly, Hendren & Womble for plaintiffs.*
*W. B. Ellis in propria persona.*

STACY, C. J. This case was heard at the November Term, 1926, Forsyth Superior Court, and resulted in the affirmance of a judgment in favor of the plaintiffs rendered on a verdict in the Forsyth County Court, from which the defendant had appealed to the Superior Court, as was his right under the law. *Barton v. Barton,* 192 N. C., 453; *Chemical Co. v. Turner,* 190 N. C., 471; *Smith v. Winston-Salem,* 189 N. C., 178.

No notice of appeal to this Court was given by the defendant at the November Term, Forsyth Superior Court, but at the following December Term of said court entries of appeal were permitted to be made by the defendant, and the court, purporting to act in its discretion, "allowed the defendant forty-five days in which to make up and serve case on appeal, and plaintiffs forty-five days thereafter to serve counter-case, or file exceptions." These entries were made in the absence of counsel for plaintiffs and without their consent.

Without deciding whether the entries of appeal, made at the December Term, 1926, Forsyth Superior Court, were of any force or effect, it is sufficient to say that, up to the present time, no statement of case on appeal to this Court has been prepared or served by the defendant as required by the statute, nor has the record proper, or any part thereof, been filed in this Court, without which a motion for *certiorari* may not be entertained. *Baker v. Hare,* 192 N. C., 788; *Murphy v. Electric Co.,* 174 N. C., 782.

Plaintiffs are clearly within their rights, and they are entitled to have the appeal dismissed at the cost of the defendant. *Cox v. Lumber Co.,* 177 N. C., 227. The defendant's motion for *certiorari* must be denied. *Waller v. Dudley, ante,* 354.

*Certiorari* disallowed. Appeal dismissed.