J. E. KIRBY v. BOARD OF COMMISSIONERS FOR PERSON COUNTY.

(Filed 5 March, 1930.)

1. **Taxation A g—Where suit to restrain issuance of bonds is not brought within 30 days after notice, validity of bonds will be upheld.**

    Where the board of county commissioners have under ordinance duly passed and hearing thereon had are about to issue bonds for the necessary purpose of erecting a jail, etc., contrary to the restrictions of the County Finance Act limiting the amount of bonds for other than school purposes to an amount not to exceed five per cent of the property valuation, a suit to restrain the issuance of the bonds is required by the express terms of the statute, C. S., 1334(20) to be commenced within thirty days after the publication of the required notice and order of the issue, and a suit instituted after the time prescribed cannot be maintained and the validity of the bonds will be upheld.  The question of whether the statute is strictly one of limitation or a condition annexed to the cause of action is immaterial.

2. **Taxation A b—Sections restricting tax rate and limiting time in which validity of bonds may be attacked to be construed in para materia.**

    The section of Municipal Finance Act, Public Laws of 1927, relating to the restriction on taxation, and the section relating to the time in which proceedings may be brought attacking an authorized levy of tax or issuance of bonds are to be construed in *pari materia.*

CIVIL ACTION, before *Sinclair, J.,* in Chambers, at Durham, 27 June, 1929.  From PERSON.

The record discloses that for many years the jail facilities of Person County have been wholly inadequate and unsanitary. At the January Term, 1924, of Person Superior Court the said jail was ordered closed by the judge of the Superior Court because of failure of the structure to comply with the law. Repairs were made, but at the August, 1927, Term the judge of the Superior Court ordered the jail closed and instructed the solicitor to indict the members of the board of county commissioners for failure to provide a proper jail. The said commissioners were presented by the grand jury and are now facing indictment.

On 7 November, 1927, the board of commissioners of Person County passed a resolution authorizing the issuance of $125,000 in bonds for the purpose of building a new courthouse and jail. A petition was filed demanding an election, and an election was duly held on 7 February, 1928, at which election the proposition was defeated. Thereafter, on 23 April, 1928, a new order authorizing the issuance of $150,000 of bonds was submitted to a vote of the people on 5 June, 1928, and the proposition was again defeated.

Thereafter, on 7 January, 1929, the board of commissioners of Person County duly adopted a bond ordinance authorizing the issuance of $150,000 of bonds to be known as courthouse and jail bonds. The bonds were to be issued pursuant to the County Finance Act of 1927. The bond order provided in section 5 "that this order shall take effect upon its passage, and the present order having been published for thirty days and no petition having been filed with the board for the submission of the order to the voters of the county, as provided by the County Finance Act, shall not be submitted to the voters."

Thereafter, on 24 June, 1925, the plaintiff instituted an action to restrain the defendant "from proceeding further in the issuing and sale of said courthouse and jail bonds and from levying said tax," etc.

The defendant filed an answer and the cause came on for hearing, and it was adjudged that "upon consideration of the pleadings herein filed, the amendment to the answer pleading the provisions of subsection 20, section 1334, of the Consolidated Statutes, having been filed by leave of this court, and the argument of counsel, the court being of the opinion that the bond orders of the defendant sought to be restrained by plaintiff, the bonds proposed to be issued, sold and delivered thereunder and the taxes proposed to be levied are valid and legal in every respect and that the plaintiff is, therefore, not entitled to the relief demanded in this complaint, it is therefore ordered, adjudged and decreed that the temporary injunction issued in this cause on 24 June, 1929, be, and is hereby dissolved."

From the foregoing judgment plaintiff appealed.

It is admitted that on 7 March, 1927, the date of the ratification of the County Finance Act, that the assessed valuation for taxation for said county was $14,683,010, and that the net indebtedness for other than school purposes was $580,407.25, same being less than four per cent of the assessed valuation of that date. It was admitted that on 7 January, 1929, when the present bond order was adopted that the assessed valuation of property in said county was $13,219,369, and the net indebtedness of said county for other than school purposes, including the proposed issue of $150,000, was $696,812.25. It was further admitted that the indebtedness of Person County for other than school purposes, including the amount of the proposed bond issue, will exceed five per cent of the assessed value of all taxable property of said county, and that the net indebtedness for other than school purposes on 7 March, 1927, was less than four per cent of the then assessed valuation of property.

*F. O. Carver for plaintiff.*
*Robert P. Burns for defendant.*

BROGDEN, J. No question is raised with reference to the validity and regularity of all preliminary steps required by the statute in adopting bond ordinances or resolutions. The merits of the whole controversy depend upon the proper construction of section 17, chapter 81, Public Laws of 1927, with reference to that part of said section which undertakes to fix a debt limit for the county. It is conceded that the proposed bond issue is for a necessary governmental expense, and hence special legislative authority for issuing bonds for such purpose is contained in section 8 of said County Finance Act. The portion of section 17 of said act involved in this appeal is as follows: "And no order shall be passed for the issuance of bonds other than school bonds unless it appears from said sworn statement that the net indebtedness for other than school purposes does not exceed five per cent of said assessed valuation . . . and that if the net debt of any county for other than school purposes shall, on the day this act is ratified be in excess of four-fifths of the limitation above fixed therefor, such order may be passed if the net debt for other than school purposes shall not be increased thereby more than two per cent of such assessed valuation," etc. The County Finance Act was ratified on 7 March, 1927. The admitted facts disclose that on that date the net debt of Person County for other than school purposes was less than four per cent of the then assessed valuation of property. Apparently the County Finance Act undertook to prohibit the issuing of bonds for "other than school purposes" in excess of five per cent of the assessed valuation of property unless at the time the act took effect a

county had theretofore issued bonds in excess of four per cent of the assessed valuation of property. If the net indebtedness "for other than school purposes" was less than four per cent on the date the act was ratified, then the utmost limit of bonds could not exceed five per cent of the assessed valuation. However, if the net indebtedness "for other than school purposes" was more than four per cent of the assessed valuation on 7 March, 1927, then additional bonds in an amount not exceeding two per cent of the assessed valuation could be issued and sold.

Applying the law as written to the facts in the case at bar, it is clear that the two per cent increase does not apply. Therefore, it necessarily follows that the bond order authorizing $150,000 exceeded the debt limit.

The bond order was finally passed on 11 February, 1929, after a public hearing held on 21 January, 1929. Suit was not instituted until 24 June, 1929, or after a lapse of four months from the final passage of the bond ordinance. The defendant pleads section 20 of chapter 81, Public Laws of 1927, which is now C. S., 1334 (20), which provides in substance that the validity of the bond order shall not "be open to question in any court upon any ground whatever" unless the proceeding be commenced "within thirty days after the first publication of notice as aforesaid and the order or supposed order referred to in the notice." C. S., 1334 (20) has not been construed by this Court, but statutes requiring notice to be given and providing that failure to give a notice within the time specified will operate as a bar, have been frequently construed and upheld. *Neal v. Marion,* 126 N. C., 412, 35 S. E., 812; *Board of Education v. Town of Greenville,* 132 N. C., 4, 43 S. E., 472; *Dockery v. Hamlet,* 162 N. C., 118, 78 S. E., 13; *Noland v. Asheville,* 197 N. C., 300.

Other jurisdictions have adopted the same construction of similar statutes. *Montgomery v. City of Atlanta,* 134 S. E., 152; *King v. Mayor of City of Butte,* 230 Pac., 62; *Waters v. Bayonne,* 104 Atlantic, 770; *Ditzel v. Evergreen Highway District,* 187 Pac., 269; *Henderson Land, Timber and Investment Co. v. Police Jury of Vernon Parish,* 106 So., 285.

The time limit discussed in the foregoing authorities ranges from fifteen days to one year. Some of the courts interpret the time limit as a condition precedent or annexed to the cause of action. Others refer to it as a special statute of limitation.

As intimated in *Board of Education v. Town of Greenville, supra,* it is unnecessary to inquire or to decide whether the statute is strictly one of limitation or a condition precedent annexed to the cause of action. In either event, the statute in plain and imperative English provides that the validity of a bond ordinance shall not be open to question unless

the suit is brought within thirty days after the first publication of notice. This statute is part of the act authorizing the bond ordinance, and hence all parts of the same statute must be read and construed together. The effect of the time limit is that, after the lapse of thirty days, if no suit has been instituted, the bond ordinance is deemed to be valid for all purposes.

There are other questions referred to in the briefs, but they are not material in view of the construction placed upon the statute.

Affirmed.