This was an action to restrain the issue of bonds by the county of Alamance for the purpose of refunding certain note indebtedness of the county, and to restrain the levy of tax to pay the interest and principal of said bonds.
At the trial below it was agreed that the pleadings in the action should constitute the evidence in the case, and that the court might find the facts from said pleadings and render judgment thereon.
Pursuant to this agreement, the court found the facts and entered his conclusions of law thereon as follows:
"1. That between the dates of 5 January, 1920, and 12 September, 1930, both dates inclusive, the defendant Alamance County borrowed various sums of money and issued the negotiable promissory notes of the county for the moneys so borrowed, and that the promissory notes so issued and which are involved in this action are described in plaintiff's complaint and amount to the sum of $33,040.78.
"2. That at a meeting of the board of commissioners of Alamance county held on 18 January, 1937, an order was introduced under the provisions of the County Finance Act, as amended, authorizing the issuance of bonds of Alamance County in and amount not exceeding $30,000 for the purpose of funding a like amount of the principal of the subsisting note indebtedness mentioned in the preceding paragraph. Said order provides that a tax sufficient to pay the principal and interest of such bonds when due shall be annually levied and collected. A copy of said bond order, together with the notice appended thereto, as required by sec. 16 of the County Finance Act, as amended, was duly published on 21 January, 1937, in The DailyTimes-News, a newspaper published in Alamance County. At a meeting held on 1 February, 1937, the day fixed for the public hearing upon said bond order, the board of commissioners of Alamance County finally passed said bond order, and a copy of said bond order, together with the notice appended *Page 605 
thereto as required by sec. 19 of the County Finance Act, as amended, was duly published on 3 February, 1937, and on 10 February, 1937, in said TheDaily Times-News; said bond order recites that the above mentioned note indebtedness was legally incurred before 20 March, 1931, for the construction of roads and bridges in such county, all constituting necessary expenses of the county, but the records of the county contain no evidence showing the purpose or purposes for which the note indebtedness was incurred or the purpose or purposes for which the moneys received for the notes were used.
"3. That the notice appended to said bond order and published with said bond order on 21 January, 1937, as above set forth, provides that any citizen or taxpayer may protest at a meeting of the board of county commissioners of Alamance County to be held at 10 o'clock a.m., 1 February, 1937, or an adjournment thereof, against the issuance of the proposed funding bonds, authorized to be issued by said bond order. A meeting of said board was held at said time to receive such protests, and at said meeting neither plaintiff nor any citizen or taxpayer of Alamance County, not any other person, appeared, either in person or by attorney, to protest against the issuance of said funding bonds, nor was any protest in writing presented at said meeting by any citizen or taxpayer of Alamance County or by any other person, nor has any such protest been received at any time by the board of commissioners of Alamance County. The notice appended to said bond order and published with said bond order as finally passed on 3 February, 1937, and on 10 February, 1937, as above set forth, provides that any action or proceeding questioning the validity of said bond order must be commenced within 30 days after its first publication. No action or proceeding of any kind questioning the validity of said bond order was commenced within 30 days after 3 February, 1937, the date of the first publication of said bond order as finally passed, nor has any such action or proceeding been commenced at any time prior to the institution of this action by the filing of plaintiff's complaint herein on 3 June, 1937.
"4. That the General Assembly of North Carolina, by an act passed at its regular session in 1937 and ratified 27 February, 1937 (chapter 129 of 1937 Public-Local Laws), found and declared that the note indebtedness mentioned in the first paragraph of these findings of fact was legally incurred for the construction of roads and bridges in the county, and all of said indebtedness is by said act validated and confirmed and declared to be valid, subsisting indebtedness of the county, created for necessary expenses and for special purposes with the special approval of the General Assembly. Said act further provides that in each year while any of the proposed funding bonds shall be outstanding, there shall be levied upon all taxable property in the county a special tax *Page 606 
sufficient to pay the interest on said bonds as the same shall fall due, and also sufficient to provide for the creation of a special fund for the payment of the principal of said bonds at or before their maturity, which tax shall be in addition to all other taxes authorized or limited by law, and by said act the General Assembly does give its special approval to the levy of said tax for said special purposes. Said act of the General Assembly further provides that any action or proceeding in any court to set aside said bond order or to obtain any other relief upon the ground that said bond order is invalid, or that the notes to be funded are invalid, and any action or proceeding in any court to restrain or enjoin the levy of the special tax provided for in said act and in said bond order must be commenced within 30 days after the ratification of said act, and that after the expiration of said period of limitation, no right of action or defense founded upon the invalidity of said bond order or questioning the power or the authority to levy the special tax provided for in said act and in said bond order, shall be asserted, nor shall the validity of said bond order or the power or authority to levy said tax be open to question in any court upon any ground whatever, except in an action or proceeding commenced within said period. No action or proceeding to set aside said bond order or to obtain any other relief upon the ground that said bond order is invalid, and no action to enjoin the levy of the special tax approved and authorized by said bond order and by said act of the General Assembly was commenced in any court within said period of 30 days after 27 February, 1937, the date of the ratification of said act, nor has any such action or proceeding been commenced at any time prior to the institution of this action by the filing of plaintiff's complaint herein on 3 June, 1937."
From the foregoing facts the court legally concludes:
"1. That the finding and declaration of the General Assembly of North Carolina in the act ratified 27 February, 1937, that the indebtedness to be funded by the issuance of said $30,000 funding bonds was incurred for the construction of roads and bridges in said county, are conclusive and finally determine that such indebtedness was incurred for the construction of roads and bridges in said county, and such finding and declaration are binding upon and may not be reviewed by this court.
"2. That, by said act of the General Assembly of North Carolina, ratified 27 February, 1937, the special approval of the General Assembly was given to the levy of a special tax sufficient to pay the interest upon the bonds which Alamance County proposes to issue to fund the note indebtedness mentioned in the first paragraph of the findings of fact, and also sufficient to provide for the creation of a special fund for the payment of such bonds at or before their maturity, which tax shall be in addition to all other taxes authorized or limited by law. *Page 607 
"3. That the plaintiff and all other taxpayers and citizens of Alamance County are barred from maintaining this or any similar action by the provisions of sec. 20 of the County Finance Act, as amended.
"4. That the plaintiff and all other taxpayers and citizens of Alamance County are barred from maintaining this or any similar action by the provisions of said act of the General Assembly of North Carolina, ratified 27 February, 1937."
It was thereupon adjudged that Alamance County had authority to issue the $30.000 funding bonds and to levy tax sufficient to pay the principal and interest thereon.
From this judgment plaintiff appealed.
The admissions of the parties and the findings of the court below establish the fact that in accord with the applicable provisions of the County Finance Act (ch. 81, Public Laws of 1937, and amendments thereto, C. S., 1334), the proposed issue of bonds was duly advertised, and notice to citizens or taxpayers was duly published, giving them opportunity to protest or object, and that no protest or objection by the plaintiff or any other person was made until more than the thirty days' limitation fixed by the statute, and by defendant's bond ordinance, and by chapter 129, Public-Local Laws of 1937, for the institution of action or proceeding to question the validity of the bonds, had expired. Hence, under the decision of this Court in Kirby v. Board of Commissioner of Person, 198 N.C. 440,152 S.E. 165, upholding this limitation in the statute, plaintiff's complaint was properly dismissed.
In Kirby v. Board of Commissioners of Person, supra, it was said,Brogden, J., speaking for the Court: "The statute in plain and imperative English provides that the validity of a bond ordinance shall not be open to question unless the suit is brought within thirty days after the first publication of notice. This statute is part of the act authorizing the ordinance, and hence all parts of the same statute must be read and construed together. The effect of the time limit is that, after the lapse of thirty days, if no suit has been instituted, the bond ordinance is deemed to be valid for all purposes."
Further, it appears that, while plaintiff seeks to controvert the facts recited in defendant's bond ordinance and in the Act of 1927, that the indebtedness ordered to be funded was incurred for the construction of roads and bridges, his allegation is that there is no public record showing the purpose for which the indebtedness was incurred. It may well be doubted whether this is sufficient to raise the issue that the indebtedness *Page 608 
was not in fact incurred for that purpose, as definitely declared in the defendant's bond ordinance.
However, after due notice published in the manner prescribed by the statutes, the plaintiff has failed to object or protest, or to bring his action within the time limited, and may not now be heard to controvert the facts declared by the board of commissioners of Alamance County in the resolution authorizing the funding of this indebtedness, or to question the validity of the bonds.
Judgment affirmed.