S. W. GARRELL, JR., AND DOCK FOWLER, ON BEHALF OF THEMSELVES AND ALL OTHER CITIZENS AND TAXPAYERS OF COLUMBUS COUNTY, v. COLUMBUS COUNTY AND C. A. SMALL, H. G. AVANT, W. M. STEPHENS, W. L. HOBBS AND R. C. BENTON, CONSTITUTING THE BOARD OF COMMISSIONERS OF COLUMBUS COUNTY.

(Filed 10 May, 1939.)

**Taxation § 38a—Action attacking validity of bond order of county commissioners must be instituted within 30 days after publication of order.**

Plaintiff taxpayers instituted this action attacking a bond order passed by the board of county commissioners on the ground that said commissioners had failed to comply with provisions of section 14 of the County

Finance Act, requiring the filing of a true statement of the county debt. *Held:* The attack of the order is upon statutory as distinguished from constitutional grounds, and the action instituted more than 30 days after the first publication of the order cannot be maintained, such action being barred after the expiration of the 30-day period by express provision of the bond order and section 20 of the County Finance Act.

APPEAL by plaintiffs from *Harris, J.,* in Chambers, 7 March, 1939. From COLUMBUS.

Civil action to restrain the issuance of bonds for a county hospital, and levying of a tax to pay the principal and interest.

The record on this appeal shows that the board of commissioners of the county of Columbus, North Carolina, in session on 22 December, 1938, pursuant to adjournment of regular meeting in said month, by unanimous affirmative vote of its several members, passed a bond order, hereinafter set forth, which had been introduced at said regular meeting, and directed the clerk to said board to publish same in the *News Reporter,* a newspaper published at Whiteville in said county, as required by section 19 of the County Finance Act, Public Laws 1927, chapter 81.

Pursuant thereto the clerk, over his name as such, published in said newspaper for two successive weeks notice of said bond order in the following form:

"Order Authorizing $55,000 Bonds for a County Hospital—

"Be It Ordered And Resolved by the Board of Commissioners for the County of Columbus:

"1. That bonds of Columbus County be issued pursuant to the County Finance Act, as amended, in an amount not exceeding $55,000 for the purpose of erecting and equipping a County hospital, including the payment of debt theretofore incurred for such purpose.

"2. That a tax sufficient to pay the principal and interest of said bonds when due shall be annually levied and collected.

"3. That a statement of the County debt has been filed with the Clerk and is open to public inspection.

"4. That this order shall take effect when approved by the voters of the County at an election as provided by law.

"The foregoing order was finally passed on the 22nd day of December, 1938, and was first published on the 29th day of December, 1938. Any action or proceeding questioning the validity of said order must be commenced within thirty days after its first publication."

At the time of passing the said bond order the board of commissioners called a special election to be held on Tuesday, 7 February, 1939, to vote on the question of issuing of said bonds and levying of tax. The board ordered a new registration for such election. Notice of both the election and the new registration were duly published. Eight thousand

five hundred and nineteen voters registered and qualified to vote, of whom four thousand five hundred and twenty-five voted for the question submitted, as disclosed upon canvass duly made. A majority of the qualified voters having voted in favor of the issuance of the bonds and levying of the tax, the result was determined and declared, and published in accordance with provisions of County Finance Act. Thereafter, on 23 February, 1939, the board passed a resolution providing for the issuance of the bonds. The Local Government Commission of North Carolina, as authorized by law, advertised for bids for sale of the bonds.

Thereupon plaintiffs, citizens and taxpayers of Columbus County, instituted this action on 6 March, 1939, and in complaint filed attack the authority for the issuance of the bonds upon various grounds, which on this appeal are reduced to the contention that the board of commissioners failed to comply with the provisions of section fourteen of said County Finance Act, in that the true financial condition of the county is not revealed as there required; and further, that if the financial condition had been so correctly stated, the net debt of the county for other than school purposes would exceed the statutory limitation, and, consequently, the bond order would run counter to the provisions of section seventeen of said act; and that, as a result, the order of election and the election held are void.

Defendants deny the material allegations of the complaint and, as defense, set up in detail, and plead the regularity of the records of the proceedings, and, as a bar to plaintiffs' right to maintain this action, aver that it was not instituted within thirty days next after the first publication of the bond order, 29 December, 1938, the time limited by the provisions of section twenty of the County Finance Act.

Upon the complaint and answer the court below entered this judgment:

"This cause coming on for a hearing before his Honor, W. C. Harris, Judge, at Chambers, at Raleigh, N. C., by consent, and being heard out of the district by consent, and it appearing to the satisfaction of the court that the plaintiffs are not entitled to the restraining order as prayed for in the complaint;

"It is, therefore, ordered, adjudged and decreed by the court that this action be, and the same is hereby dismissed and the plaintiffs taxed with the cost of same."

Plaintiffs appealed therefrom to the Supreme Court, and assign error.

*A. B. Brady and Varser, McIntyre & Henry for plaintiffs, appellants.*
*Junius K. Powell, Powell & Lewis, Tucker & Proctor, and Lyon & Lyon for defendants, appellees.*

WINBORNE, J. Are plaintiffs barred of right to maintain this action? This is the decisive question, controlled and answered by the decisions of this Court in the cases of *Kirby v. Comrs.,* 198 N. C., 440, 152 S. E., 165, and *Jones v. Alamance County,* 212 N. C., 603, 194 S. E., 109.

No constitutional question is involved on this appeal, as was the case in *Sessions v. Columbus County,* 214 N. C., 634, 200 S. E., 418. Here the question relates to statutory law. While the plaintiffs, by the allegation in the complaint, direct their attack against the validity of the order of election and the election, the attack is in fact upon the bond order in that it is contended that the board of commissioners has failed to comply with the provisions of section fourteen of the County Finance Act, and that as a result the bond order, which is to become effective when approved by the voters at an election as provided by law, is invalid. Section seventeen, County Finance Act. These are questions which might be presented in an action instituted within thirty days after the first publication of the bond order, the time limit fixed by the provisions of section twenty of said act. In that section it is provided that: "After the expiration of such period of limitation, no right of action or defense upon the validity of the order shall be asserted, nor · shall the validity or the order be opened to question in any court upon any ground whatever, except in an action or proceeding commenced within such period."

Speaking to the question in *Kirby v. Comrs., supra,* Brogden, J., said: "The statute in plain and imperative English provides that the validity of a bond ordinance shall not be open to question unless the suit is brought within thirty days after the first publication of notice. This statute is part of the act authorizing the bond ordinance, and hence all parts of the same statute must be read and construed together. The effect of the time limit is that, after the lapse of thirty days, if no suit has been instituted, the bond ordinance is deemed to be valid for all purposes." To like effect is the case of *Jones v. Alamance County, supra.*

Plaintiffs, having failed to institute the present action within the time limited, cannot now be heard to attack the bond order.

The regularity of the proceedings providing for the election and of the conduct of the election is not challenged. These are matters which might be attacked in an action commenced within thirty days after the election, as limited by the provisions of section thirty of the County Finance Act.

The judgment below is

Affirmed.